13 315
30a 326

13 315
101a ¹399

DARIUS INGALLS, Appellant, v. ARISTARCHUS BULKLEY, Appellee.

APPEAL FROM MORGAN.

In replevin in the *detinet*, it is necessary to prove a demand and refusal, in order to a recovery.

If a demand of property is made, it must be by an authorized agent; and unless the defendant has such evidence of the authority to make the demand, as would satisfy a prudent man, he is not bound to notice it.

In an action of replevin in the *detinet* alone, the same proof is required, as in action for trover and conversion.

The question of authority in the agent to demand the property, is one proper to be submitted to the jury.

An intention manifested to retain the property, would not make the detention unlawful, until after a refusal to deliver upon a proper demand.

THIS was an action of replevin, brought in the Morgan Circuit Court by Bulkley against Ingalls. The declaration alleged that Ingalls, against sureties and pledges, &c., unjustly detained the horse of the said Bulkley, to wit, &c. The plea denied the detention, upon which there was an issue to the country. At March term, 1850, WOODSON, Judge, presiding, the cause was

submitted to a jury, and resulted in a verdict and judgment for Bulkley, the plaintiff below.

The bill of exceptions shows, that Bulkley proved, by the officer who executed the writ, that, when he went to take the horse, Ingalls did not want to give him up; but, when he was informed that the officer had a writ, he gave him up; and said that Bulkley had sent a colored or negro boy down after the horse, and also a white boy, by the name of Whittle, but he would not let either of the boys have the horse; but, if Bulkley would come himself after the horse, and pay all damages, he should "have had" him; for he did not consider the demand by those boys legal or good; that he did not know any thing about the boys; these boys were both minors. Ingalls said, that the way the horse came into his possession, that he was a very breachy horse, and that he had often broken into his inclosure over the fence belonging to Bulkley, and this time he had found the horse in his field, and had taken him up and put him in the stable, to prevent the horse from trespassing upon him further. Another person, who was with the officer, proved the same facts. It was in proof, by the admission of Ingalls, that the horse was demanded by the boys before the institution of the suit.

A motion for a new trial was overruled, and Ingalls prayed for and obtained an appeal.

M. McCONNEL, for appellant.

A demand was necessary; and where trover and conversion will not lie, this suit will not. Sevier v. Dingle, 4 Greenl. Rep. 306 ; Beebe v. Bunn, 3 Eng. (Ark.) Rep. 510.

An absolute refusal is necessary in an action of trover and conversion. 5 Stewart & Porter, 383.

Where a demand was made by an agent, it must appear that he is duly authorized, or the property may be refused, if the party is not reasonably satisfied that the application is made by one duly authorized. The agent should have a written authority. Watts v. Porter, 2 Mason's Rep. 77 ; 1 Chitty's Plead. 180, 181, 183, 184; 2 Saunders's Rep. 472, 474, note (m); 2 Bos. & Pul. 403, 404, note (a) (b.)

A demand and refusal must be absolute, not evasive merely. It must be an unqualified refusal. J. Bouvier's Bacon's Ab. 637, 639.

D. A. Smith, for appellee.

Caton, J. This was an action of replevin in the *detinet* alone, and it was undoubtedly necessary for the plaintiff to prove a demand and refusal, in order to establish an unlawful detention by the defendant. The officer testified that, at the time he executed the writ, the defendant told him that the plaintiff had sent a negro boy and another boy down after the horse, but that he would let neither of them have him; but that, if Bulkley had come himself after him, and paid all damages, he should have had him; that he did not consider the demand of the boys legal or good; that he did not know any thing about the boys; that these boys were mere minors. The second instruction given for the plaintiff was as follows: "That the age or color of the plaintiff's agent, or the doubts of the defendant as to the authority of the agent, can have no legal influence in the decision of this case." This instruction, we have no doubt, was erroneous. It took from the jury the decision of the question, whether the defendant refused to deliver the horse to the boys because he reasonably doubted their authority to receive him for the plaintiff. Unless he was reasonably convinced that they had such authority to demand the horse, he was not bound to deliver him to them, and his refusal to do so would not make the detention unlawful. In this action, for the unlawful detention alone, the same proof was required which would have been necessary had the action been for trover and conversion. Beebe *v.* Bunn, 3 Eng. (Ark.) Rep. 565.

Notwithstanding the case of Watts *v.* Porter, (2 Mason, 77,) we will not say that the authority of the agent should have been in writing; but then, the circumstances showing their authority should have been such as a prudent man would have acted upon, knowing that he would have been responsible for the horse, if delivered to a person who had not authority to receive him. That was a question for the jury to determine, and should

27 *

have been submitted to their consideration. The doubts of the defendant, as to that authority, certainly had something to do with the case. It is true that, at the time of the service of the writ, the defendant admits that the plaintiff had sent the boys for the horse; but that does not show that he was convinced of that fact at the time of the demand. It is also true, that the defendant seems to have entertained in his own mind an intention to retain the horse till his damages were paid; but such intention, of itself, would not make the detention unlawful, until he refused to deliver him upon a demand made by the plaintiff himself, or by an agent, whom the defendant believed was authorized to receive him; and that he had doubts on that subject seems to be indicated from his remark, — that he did not know any thing about the boys. At all events, there was evidence on that subject which should have been submitted to the jury for their consideration.

The judgment of the Circuit Court is reversed, and the cause remanded. *Judgment reversed.*