## SARAH E. HOWITT
### *v.*
## ANESTASIA ESTELLE.

1. NEW TRIAL—*on the evidence.* Where the evidence is contradictory and wholly irreconcilable, it is for the jury to weigh it and give it such credit as it deserves; and while the evidence upon which a verdict is based in such a

case may be unsatisfactory on paper, a new trial will not be granted on the ground the evidence fails to support the finding.

2. TROVER—*when a demand is necessary.* Where a party actually converts the personal property of another by selling the same and appropriating the proceeds, no demand is necessary by the owner before suing for the conversion. A wrongful taking or a wrongful sale constitutes an actual conversion. Where a party comes lawfully into possession and retains the property, to put him in the wrong a demand and refusal are necessary.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. COOPER & SMITH, for the plaintiff in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Anestasia Estelle brought an action before a justice of the peace against Sarah E. Howitt, to recover the value of a sewing machine. On a trial before the justice, plaintiff recovered a judgment, and also on a trial on an appeal to the circuit court.

The evidence is irreconcilably conflicting. Plaintiff below swore most positively that she sold and conveyed to defendant a house and lot in Wichita City, in Kansas, for the sum of $150, and received the machine in controversy in part payment, at the price of $75, and that defendant delivered the machine to her. Defendant below swore positively that she did not purchase the house and lot, or even sell plaintiff the machine. She, however, admits receiving a deed for the house and lot, and having it recorded. She claims it was only to be a purchase in case she liked the house and lot when she should see them, but that she did not like the title; that it was understood that in case she declined to become the purchaser she was to endeavor to sell the property, but had been unable to do so. She says she then advanced plaintiff $26 in money and about $30 worth of merchandize, with the agreement that she was to hold the house and lot as security for these advances. She testified that she afterwards sold the

machine for $37; that owing to the fact plaintiff had separated the attachments from the machine and had them in her possession, she was unable to obtain a better price.

Lebus testified, that after the trial before the justice, in endeavoring to effect a compromise between the parties, in conversing with plaintiff she admitted that defendant had paid her and she had no claim on the machine, but insisted that defendant's husband owed her.

Potts testified, plaintiff at one time had all the machine attachments, and agreed to return them to defendant; but this witness admitted that he had been convicted at that term of selling a forged note, but that a new trial had been granted.

This evidence is entirely irreconcilable, and in such a case it is for the jury to weigh and give it such credit as it deserves. Whilst it may be unsatisfactory to us as it appears on paper, it may have been to the jury, who saw and heard the witnesses testify, entirely free from doubt. The jury in the justice's court, as well as that in the circuit court, found the same verdict, and seem to have both given credit to plaintiff, and we are unable to say they were mistaken, or that the evidence fails to support the finding.

It is objected that no demand for the machine was proved. None was required, as defendant testified she had sold it. This, then, was an actual conversion of the property, which rendered a demand unnecessary. A demand and refusal are only evidence of a conversion, and are not required where an actual conversion is proved. Chitty's Pl. vol. 1, p. 177, (6th Am. ed.) A wrongful taking or a wrongful sale constitutes an actual conversion, and when shown dispenses with a demand. But where a party comes lawfully into possession and retains the property, to put him in the wrong a demand and refusal are necessary.

Perceiving no error in the record for which the judgment should be reversed, it is affirmed.

*Judgment affirmed.*