G. M. KIME

v.

W. W. DALE.

</div>

1. TROVER.—To maintain trover against one who came lawfully into possession, a proper demand upon him and his refusal to deliver must be shown, unless there is proof of such actual appropriation or change in the condition of the property made by him, as would make a demand for it in specie unavailing.

2. REFUSAL UPON DEMAND—EVIDENCE.—Refusal upon such demand is not *per se* a conversion, but only evidence of it. Such evidence is open to explanation and rebuttal by proof of facts justifying the refusal, and it is for the jury to determine, not only whether there has been in fact a refusal, but also whether, if any, it is of such a character as to constitute proof of conversion, and, with that view, to consider all the evidence bearing upon the question.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed February 29, 1884.

Kime v. Dale.

Mr. R. S. McILDUFF, for appellant; that refusal to deliver property is not *per se* a conversion, cited Hawkins v. Hoffman, 6 Hill (N. Y.), 586; Boaman v. Eaton, 24 Barb. (N. Y.) 532; Whitney v. Slanson, 30 Id. 278; Wellington v. Wentworth, 8 Metcalf, 548; 1 Chitty Pl., 14th Am. ed., *p. 160; Gilmore v. Newton, 9 Allen, 171; Kelsey v. Griswold, 6 Barb. 436; Packard v. Getman, 16 Am. Dec. 475; 6 Cowen, 757; Hallenbake v. Fish, 24 Id. 88, 8 Wendell, 547; Carroll v. Mix, 51 Barb. 212; Fletcher v. Fletcher, 7 N. H. 452.

Messrs. WALLACE & TERRY, for appellee.

PLEASANTS, J. Appellant was a grain and stock buyer at Emington, in Livingston county, where he had two cribs. Appellee was a resident of Pennsylvania, but owned a large body of land in the neighborhood, in charge of one John Ferguson, as his agent, and leased in parcels to different tenants. He brought this suit before a justice of the peace to recover damages for the detention of seventy-five bushels and twenty-five pounds of corn stored in one of these cribs, and on appeal to the circuit court obtained a verdict for $20, upon which, after a motion for new trial overruled, judgment was entered. Defendant appealed and assigns for error divers rulings upon the admission of evidence and giving and refusing instructions, to which exception was at the time duly taken.

It was treated throughout by court and parties as an action of trover. There is no dispute as to the quantity, value or ownership of the corn; but the issue made was upon the alleged conversion, to maintain which, on his part, the plaintiff relied solely upon proof of defendant's refusal to deliver it upon demand made and storage tendered.

Defendant introduced evidence showing more fully the occasion, circumstances and character of this refusal, tending to prove that it was not absolute nor at all in denial of plaintiff's right of property or possession, but only for a reasonable time stated, in order to avoid inconvenience which otherwise would have arisen through plaintiff's negligence and to which therefore he was not bound to submit. From this testimony

it would appear that for the storage of plaintiff's corn until the following summer Ferguson had engaged one of defendant's cribs, to be ready by Dec. 1, 1881, and which was in fact made ready by the 20th of November preceding. The three loads in question, however, were hauled in as early as the 9th, and were allowed by defendant, as an accommodation, to be put in the south end of the other crib, which he was filling from the north with corn of his own, as he purchased from day to day, but with the express understanding that it should be removed by plaintiff before he needed the room. When the one so engaged was ready, and repeatedly afterward, before the demand and refusal shown and when access to it from the nearest door was unobstructed, Ferguson was notified that he must remove it out of the way of defendant's corn which was coming in. This he promised to do, but took no steps to that end until Feb. 2, 1882, when it had become impracticable to do so without making a new opening in the crib, or first removing a considerable quantity of defendant's corn which then filled it from the north end, past the door referred to, and overlaid a portion of plaintiff's. To prevent admixture, defendant had taken the trouble to lay some boards over the latter, and to clear the way from it back to the door had been shelling out his own that lay next, but his sheller had broken down and he was waiting for new castings that had been ordered. This was the situation when on the day last above mentioned Ferguson appeared, with men, teams, and implements, proposing to remove the three loads in controversy, by taking out the door and displacing a portion of defendant's corn. He was then told that if it had not been for the accident mentioned the latter would by that time have been out of the way, and that if he would come again in two days it would be and he could then take out the plaintiff's. Ferguson refused to wait and peremptorily declared his intention to proceed immediately as stated. This the defendant forbade, threatening to resist by force any attempt to open the crib at that time. Ferguson thereupon went away and commenced this suit. When it was tried, which was at the May term, 1883, the plaintiff's corn remained in the crib just as it was at the time of the difficulty.

Kime v. Dale.

There were other circumstances in evidence which may be claimed to have modified, to some extent, the effect of those above stated. But it was for the jury to find how far, and whether, upon all the evidence, there was or was not a conversion, which is an unauthorized assumption or exercise of the right of ownership over personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights. Bouvier's Law Dic., title "Conversion"—at law, and cases there cited.

To maintain trover against one who came lawfully into possession, a proper demand upon him and his refusal to deliver must be shown, unless there is proof of such actual appropriation or change in the condition of the property made by him, as would make a demand for it in specie unavailing; because otherwise there would be no evidence of an assumption of right excluding that of the owner.

Refusal upon such demand is not *per se* a conversion but only evidence of it. Johnson v. Howe, 2 Gilm. 342; Bonner v. Dyball, 42 Ill. 34. It is such evidence because *prima facie* it imports such an assumption of adverse right. But from its nature it can not be conclusive, since one might refuse or fail to deliver for many reasons that would justify or excuse it, without questioning the owner's right; as that he honestly and reasonably doubted the identity of the person making the demand as owner, or the authority of one making it as agent, or was unable to deliver if he would, or that he refused unless upon a condition which he had a right to impose, or the like. In short, to constitute such evidence, it must be unconditional or with a condition which he had no right to impose, and not a reasonable excuse. That this evidence is open to explanation and rebuttal by proof of any such fact, is so clear upon principle and fully established by authority that excepting the cases from our own State of Ingalls v. Buckley, 13 Ill. 315, S. C. in 15 Id. 224, and Northern Trans. Co. v. Sellick, 52 Id. 249, we refer only to text books, where many others are cited: Bouvier, *ubi supra*, 3 and 4; 1 Ch. Pl. 14th Am. ed., 160; 2 Hilliard on Torts, Ch. 16, Sec. 13, p. 264 *et seq.* and notes.

It was for the jury to find, not only whether there was in fact a refusal, but also whether, if any, it was of such a character as to constitute proof of conversion; and with that view to consider all the testimony tending to prove the facts above set forth, and the effect of those facts if found to be proved.

But this was withdrawn from their consideration by the instructions given for the plaintiff, the first of which was:

"That if the jury believe, from the evidence, that the corn in controversy was received by the defendant for the purpose of storage, and if the plaintiff afterward demanded the corn of the defendant, and tendered to and offered to pay him the price agreed upon for the storage thereof, and the defendant upon such demand refused to allow the plaintiff to take the same away, such demand and refusal is evidence of the conversion of said corn, and the defendant would be liable in such sum as the evidence satisfies your minds the corn was worth at the time of such demand and refusal." This makes the refusal upon demand and tender of storage conclusive evidence of conversion, admitting of no rebuttal or explanation. Whatever they might have found as to its character, or the excuse or reason for it, they were required to return a verdict for the plaintiff. Such is not the law.

The second was as follows: "If you believe from the evidence that the defendant took the corn in question for the purpose of storing the same, that the fact that he, or others for him, may have stored his (defendant's) corn with that of the plaintiff in the same crib, thereby making it difficult or inconvenient to take plaintiff's corn therefrom, still such inconvenience to separate the same from the corn of the defendant would not justify him in a refusal to allow plaintiff to take the corn in question from said crib; and if you believe from the evidence that after tender to the defendant of the amount due him for such storage, he did refuse to allow plaintiff to remove his corn from said crib, in such case you will find defendant guilty." The "inconvenience" here referred to is that to which the defendant would be subjected. Whether it would justify him in the refusal or not we think would depend somewhat on the extent of it and perhaps more

on whose was the fault that presented the alternative. According to the evidence thus withdrawn from the consideration of the jury, that alternative was that plaintiff should wait two days before removing his corn, or defendant should suffer some of his to be displaced or a new opening in the crib to be made. If plaintiff's corn was stored there wholly for his accommodation, upon condition that he should remove it before this alternative could be presented, and he neglected, notwithstanding repeated requests, to perform that condition, he was in no position to demand any further favor in respect to it; and in that case the inconvenience to defendant referred to might justify him in refusing to allow its removal just at the time and in the manner proposed. Whether it did, was for the jury to determine upon all the evidence of the circumstances. These instructions disregarded the whole theory of the defense, with all the testimony in support of it, and determined as matter of law what were pure questions of fact. The court consistently refused the only one asked by defendent—number 2—which presented that theory, and we think was substantially proper.

We discover no other serious errors in the record to be corrected with reference to another trial, but for those above indicated the judgment is reversed and the cause remanded.

Reversed and remanded.