### SETH F. HANCHETT
### v.
### CHARLES WILLIAMS.

*Trover against Sheriff—Demand—Appeal from Justice—Insufficiency of Transcript—Waiver of Objection.*

1. Where an officer levies on the goods of one person under an execution against another, and sells them, he is liable in an action of trover. Proof of the sale makes out the conversion, no demand being necessary.

2. Upon appeal from a Justice, if the parties appear and go to trial in the Circuit Court on the merits without objection, the court will have jurisdiction although there is no transcript.

[Opinion filed November 23, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

An action of replevin was commenced by appellee against appellant in Justice Court, and the goods not being found, the writ stood as a summons in trover. Judgment was entered against the appellant by the Justice. An appeal was perfected to the Circuit Court where the case was submitted to the court for trial without a jury, and there was a finding and judgment against appellant for $150, to review which judgment this appeal is brought.

The evidence tended to show that appellee had four barrels of wine, in all about 220 gallons, in the store of a liquor

dealer, named Howe. Howe had requested appellee to take it away as he could not sell it, but appellee failed to do so, and it remained in Howe's store at the time appellant, as Sheriff, took possession of the same and the stock of liquors therein, by virtue of an execution against Howe. Appellant demanded the four casks of wine from Matson, appellant's chief deputy, and was told by him that he had better bring a replevin suit to establish his title.

The four casks of wine were in the store when the Sheriff took possession and remained there after he took possession. The levy was upon and included everything contained in the basement and store known as 206 East Jackson Street, and the testimony of the deputy Sheriff shows that all the goods levied on by him were sold and the proceeds turned over to the plaintiff in the execution.

Messrs. MOSES & NEWMAN, for appellant.

Messrs. KRAUS, MAYER & BRACKETT, for appellee.

MORAN, P. J. The court found that the four barrels or casks of wine belonging to the plaintiff were in the store of Howe, and levied upon by the Sheriff as the goods of Howe, and were sold by the Sheriff and the proceeds paid over on the execution. This finding is plainly supported by the evidence but it is contended by appellant's counsel that there could be no recovery against the Sheriff in trover because there was no demand made upon him by appellee for the goods.

Demand and refusal are only evidence of conversion in an action of trover, and if it is shown by the evidence that the goods for which recovery is sought were sold or otherwise disposed of by the person who had the possession of them, then the conversion is proven and it is unnecessary to prove a demand. Howitt v. Estelle, 92 Ill. 218; Kime v. Dale, 14 Ill. App. 308. An officer who levies on the goods of one person under an execution against another and sells them or loses them, is liable in an action of trover, and no demand is

necessary, as proof of the sale or loss makes out the conversion. Duncan v. Stone, 45 Vt. 118; Robinson v. McDonald, 2 Geo. 116; Burgin v. Burgin, 1 Ired. 453.

As no demand was necessary under the evidence, it is not worth while to consider whether the demand upon the deputy, Matson, would constitute a good demand upon the Sheriff.

As the appellant appeared and went to trial in the Circuit Court, he can not be heard now to object to the insufficiency of the transcript. Where the parties appear and try the case in the Circuit Court upon its merits, without objection, the court will have jurisdiction without a transcript, and the evidence will be looked into to see what the demand was and what the defense.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*