## HENRY W. LEMAN ET AL.

### v.

## WILLIAM BEST ET AL.

*Trover—Trade Fixtures—Successive Occupancies—Evidence—Instructions—Conversion.*

1. In order that the fixtures of a cigar stand in a hotel may retain the character of removable trade fixtures in case of successive occupancies of the same, as well as of the building itself, it is necessary, upon the expiration of each tenancy of the house, that such right be duly asserted.

2. In an action of trover brought to recover trade fixtures, in the absence of evidence going to show title in the plaintiff, an instruction based upon a presumption of title should not be given.

3. An instruction is likewise erroneous which requires the jury to find for the plaintiff upon evidence of a conversation without finding the fact of conversation. Demand and refusal are not a conversion, but evidence from which it may be found.

4. An instruction which tells the jury that the tenant has the right to remove his fixtures at the expiration of his lease, is too indefinite.

5. Trover will not lie for fixtures while still annexed.

6. Where the evidence is indefinite and unsatisfactory, the instructions must be accurate and definite.

[Opinion filed February 13, 1889.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. WILSON & ZOOK, for appellants.

Messrs. ROBERTS, HUTCHINSON & THOMAS, for appellees.

GARY, J.   This is an action of trover by the appellees against the appellants, for the fixtures used in the Sherman House, in Chicago, in connection with the cigar stands there.

The evidence is conflicting, whether they were originally put in by the first lessee of the house, or by a sub-tenant of the cigar stands holding under that first lessee.   The appellees claimed title only under that sub-tenant, so that if they were put in by the first lessee there was no pretense for the action. The tenancy of the house had changed several times by expiration of terms and new demises since the fixtures were first put in, as had also the sub-tenancies of the cigar stands.

The evidence, as presented in the record, is quite unsatisfactory, both as to the extent or the manner of the annexation of the fixtures to the realty, and whether, as the leases of the house and the sub-tenancies of the cigar stands expired, any provision was made for the continuance of the right (if such right existed) of the sub-tenants to remove the fixtures under new leases of the house and sub-leases of the cigar stands, so that they should retain their former character (if that was their character) of removable fixtures, and not fall in as part of the inheritance.

In this condition of the case it was important that the instructions should have been accurate and definite.   On behalf of the appellees the jury were told:

" The court instructs the jury that if they believe, from the evidence, that plaintiffs were the owners of the property in question, and entitled to the possession thereof, before and at the time of the commencement of this suit, and that while they were so entitled to such possession, and before the commencement of this suit, they demanded of the defendants the property, and that the defendants then had the property in

Leman v. Best.

their possession and neglected and refused to surrender the same to the plaintiffs upon such demand, this would be evidence of the conversion of the property by the defendants, and in such case the jury should find for the plaintiffs."

" The court instructs the jury that, as between landlord and tenant, articles or structures built or placed in rented premises by the tenant for the purpose of being used in carrying on the tenant's trade or business, are trade fixtures and do not become part of the real estate, even though they may be fastened to the building, if they can be removed without material injury to the building; and the tenant owns and has a right to remove such articles and structures at the expiration of his lease."

That first instruction leaves to the jury a very difficult branch of the law. For a dozen years the house, as well as the cigar stands, had been the subject of frequent changes of occupants. If the fixtures were so annexed that the removal of them would not injure the freehold; if they were put in by the original tenant of the cigar stands for the purpose of conducting his trade; if the property in the fixtures was, at the expiration of each tenancy of the cigar stands, by agreement between the lessee of the house and the tenant of the cigar stands, reserved to the latter; if, at the expiration of each demise of the house itself, the landlord of the tenant of the house assented to this continuance of the property in the fixtures in the tenants or sub-tenant; if that property, by successive transfers, had come to appellees; and if they, while still in possession as sub-tenants, undertook to remove the fixtures, and were prevented by their own or the superior landlord, then, and not without the concurrence of all these elements, were " the plaintiffs the owners of the property in question."

The authorities upon this subject of fixtures are so numerous, and so easily accessible in the text-books, that it would be pedantic to cite cases. The necessity of the assent of the superior landlord is a logical consequence of the principle that a tenant can not confer a right that he does not himself enjoy. Taylor L. & T., Secs. 111, 112, 8th Ed.; Smith v. Moore, 26

Ill. 392; Ogden v. Stock, 34 Ill. 522; McIver v. Esterbrook, 134 Mass. 550.

Until there was evidence tending to prove the several elements by which the ownership of the fixtures would be in the appellees, they had no right to require the court to leave that question to the jury. Martin v. Chambers, 84 Ill. 579; Phillips v. Dickerson, 85 Ill. 11; Hinsdale v. Armstrong, 6 Ill. App. 315.

That instruction is also wrong in directing the jury to find for the plaintiffs upon evidence of a conversion, without finding the fact of conversion. Demand and refusal are not a conversion, but evidence of it, from which the jury may, or may not, depending upon circumstances, find the fact itself. Upon the evidence, the jury might have found that the refusal was not of such a character as to be a conversion. Ingalls v. Buckley, 13 Ill. 315; S. C., 15 Ill. 224; Kime v. Dale, 14 Ill. App. 308; Race v. Chandler, 15 Ill. App. 532; Hanchett v. Williams, 24 Ill. App. 56.

The last instruction is too indefinite in telling the jury that the tenant has the right to remove his fixtures at the expiration of his lease. They would be very apt to understand from that, that the exercise of his right was not confined to the time while he was still in possession as tenant.

If the appellees have any right of action, it is special Trover will not lie for fixtures while still annexed. Wood. L. & T., Sec. 532; Guthrie v. Janes, 108 Mass. 191; Darrah v. Baird, 101 Pa. St. 265; Selwin's *Nisi Prius*, 1366.

The judgment of the County Court is reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

*Reversed and remanded.*