FRANKLIN J. FOLLETT ET AL.

v.

HENRY J. EDWARDS ET AL.

*Replevin—Carriage—Lease—Conversion—Demand.*

1. Any distinct act of dominion wrongfully exerted over another's property in denial of his right, or inconsistent with it, is a conversion.

2. The attempt by the lessee of a carriage wrongfully to sell and mortgage such property amounts to a conversion thereof.

3. No demand on the bailee is necessary after such conversion.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. KNICKERBOCKER & HOLDOM, for appellants.

Messrs. FAIRCHILD & QUEENY, for appellees.

GARNETT, P. J.   On April 20, 1887, a written contract was made by one Chase with appellees in these terms: "Received of H. J. Edwards & Sons one *coupe* carriage on hire, at one dollar per day, to be returned on demand, with the privilege of purchasing upon payment of six hundred and twenty-five dollars ($625) on demand of H. J. Edwards & Sons." Chase had the carriage taken at once to the livery stable of appellants, agreeing to pay them $15 per month to wash and take care of it.   At the same time he informed appellants that he had bought the carriage.   He sent one man to examine the

carriage for the purpose of selling it to him.    From another party he sought to borrow money, offering a chattel mortgage on the carriage as security.    No part of the rent or purchase money was ever paid.    Early in May, appellees, ascertaining that Chase was about to remove to New York, demanded the property of appellants, and exhibited to them the written contract above set forth.    Appellants asserted that they had charges against the property, and refused to deliver it.    Appellees then sued out a writ of replevin, but before it could be served appellants had delivered the carriage to Chase, and it was not taken under the writ.    On the trial before the court without a jury, a judgment in trover was rendered against appellants for the value of the carriage, which this appeal seeks to reverse.

No demand on Chase was necessary.    By his wrongful acts in attempting to sell and mortgage the property, his right as lessee was terminated, and he became guilty of conversion. "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion."    Cooley on Torts, 448.

In Loescham v. Mackin, 2 Stark. 311, it appeared that the plaintiff, a maker of pianos, hired an instrument to Brown by the month; that Brown sent it to the defendant, an auctioneer, to be sold, and the latter, on plaintiff's demand, refused to deliver it unless he was paid certain expenses which had been incurred.    The court held that Brown, by sending the piano to be sold, was guilty of a conversion, and that the auctioneer, in refusing to deliver the property to the owner unless his expenses were paid, was also guilty of conversion.    "The action of trover being founded on a conjoint right of property and possession, any act of the defendant which negatives, or is inconsistent with such right, amounts in law to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary that it should be shown that he applied it to his own use.    Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right?    If he does, this is in law a conversion, be it for his own or another person's use."

Liptrot v. Holmes, 1 Kelly (Ga.) 381; see also Dodge v. Meyer, 61 Cal. 420, 421; Boyce v. Brockway, 31 N. Y. 490; Rembaugh v. Phipps, 75 Mo. 422; Tapley v. Forbes, 2 Allen, 20.

If it be the correct rule, as stated in The University v. The Bank, 96 N. C. 280, that conversion consists in an act inconsistent with the owner's right, and that bare words will not do, here we have both words and acts of Chase. By his words he claimed to be the owner, and by his acts of trying to sell the carriage he exercised an act of dominion that belongs rightfully to none but the owner.

The bailee, it is true, can not set up a paramount title of a third person as a defense against the action of the bailor, unless expressly or impliedly authorized to do so by the owner. But if the latter demands the property of the bailee before he parts with the goods, and the bailee yields to the demand, he is protected against all claims of the bailor. Schouler on Bailments, 119, 120; Hutchinson on Carriers, Secs. 404–408.

Hence, no injustice is done to appellants by the application of the rule as to conversion. They were aware of all the material facts and chose to decide for themselves that Chase had the better right, and they must abide the unpleasant consequences.

The judgment is affirmed.

*Judgment affirmed.*

GARY, J., took no part in this case.