## Arthur B. Camp and Charles M. Stephens v. Nettie S. Unger.

1. DEMAND—*Not Necessary, When.*—No demand for property is necessary after an actual conversion.

2. LIEN—*Does Not Pass to Third Party on Discharge.*—Where a

livery stable keeper had a lien upon property in his keeping, which was paid off by a constable having an execution against the reputed owner, it was held that the lien did not pass to either the constable or the plaintiff in execution, and was no impediment to an action in trover by the real owner.

Memorandum.—Trover. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANTS' BRIEF, NEWELL & CAMP, ATTORNEYS.

The taking by levy under execution of property not that of the person named in the writ, is not a conversion on the part of the judgment creditor in whose favor such execution issued, unless it be shown that such creditor participated in some manner in such taking. The appellant is neither morally nor technically responsible for departure from the command of the writ, unless he advised or assisted the officer therein. Cooley on Torts, 129; Syndacker v. Brosse, 51 Ill. 375.

APPELLEE'S BRIEF, ST. JOHN, FRENCH & MERRIAM, ATTORNEYS.

The removal and retention of the property of a stranger by an officer, acting by direction of the party, is a conversion by both, aside from any demand and refusal. Calkins v. Lockwood, 17 Conn. 154; Gilman v. Healey, 36 N. H. 311.

If one wrongfully uses or sells the goods of another, it is a direct conversion, and no demand or offer to pay charges is necessary before bringing action. Dudley v. Sawyer, 41 N. H. 326; Peas v. South, 61 N. Y. 477.

There is no question as to the liability of an officer who takes the goods of a third person under an execution and sells them. He is liable in an action of trover. Proof of sale makes out a conversion, no demand being necessary. Hanchett v. Williams, 24 Ill. App. 56.

Fish v. Glass.

Mr. Justice Gary delivered the opinion of the Court.

The appellee was the wife of Dr. Unger, against whom the appellant Camp had a justice's execution, which the appellant Stephens, as constable, executed, by levying upon a phaeton and selling it to Camp as the best bidder.

The appellee claims that she furnished to her husband the money with which he bought the phaeton for her, and she sued the appellants in trover.

The acts of the appellants were a conversion by both, if the property was hers. Follet v. Edwards, 30 Ill. App. 386.

No demand for the property was necessary after an actual conversion. Hayes v. Mass. Life, 125 Ill. 626.

If the livery stable keeper had a lien, which the constable discharged, it did not pass to either of the appellants, and was no impediment to her action. Jones on Liens, Secs. 983–987.

The only real question in the case is whether the appellee was the owner of the phaeton. Upon that she was the only witness, and the verdict of the jury in accord with the only evidence can not be disturbed. The judgment is affirmed.