## John A. Cook v. Sanitary District of Chicago.

1. LANDLORD AND TENANT—*Ownership of Fixtures.*—Where a tenant erected upon the demised premises certain buildings, structures and fixtures, and afterward took another lease for the same for five years, and which was extended twice after its expiration, each time for one year, without any reservation of the right to remove such buildings, structures and fixtures, *it was held,* in condemnation proceedings, that the buildings, structures and fixtures in question belonged to the landlord, and that he and not the tenant was entitled to compensation for the same.

**Condemnation Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 14, 1896.

ARTHUR B. WELLS, attorney for appellant.

W. M. McEWEN, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The question of law in this case is, to whom did the buildings, etc., upon certain premises condemned for the uses of the appellee, belong? The land itself was the property of the appellant, by devise from his father, as tenants

of whom the firm of A. S. Piper & Co. had held the land for several years before 1883, and during such tenancy had placed upon the land a large stable and hay barn, dwelling, corn crib, cowhouse, some fences, well, pump and drinking trough. No distinction is attempted here by either party, between the different things described. November 1, 1883, one of the firm, probably for the firm, took another lease for five years, which was extended twice after its expiration, each time for one year, which lease contained covenants:

"And as additional rents said Piper covenants and agrees, at his own expense, to keep in good repair the fences upon said demised premises. * * * And the said party of the second part further covenants with said party of the first part, that the said party of the second part has received said demised premises in good order and condition, and that at the expiration of the time in this lease mentioned, or sooner determination thereof by forfeiture, he will yield up the said premises to said party of the first part in as good condition as when the same was entered upon by said party of the second part, loss by fire or inevitable accident or ordinary wear excepted; and also will keep the said premises in good repair during this lease at his own expense."

The court below held that the buildings, etc., remained the property of A. S. Piper & Co., and that a conveyance from them to the appellee gave to it the right to the money awarded as compensation for such buildings, etc.

The brief of the appellee says:

"With the modification of the ancient English rule that everything attached by the tenant to the freehold becomes a part of it, has come a more liberal spirit in favor of the agriculturist or tradesman, permitting him to remove improvements when the same can be done without manifest injury to the land. That there are a number of decisions of courts holding that the making of a new lease without reservations, waives the right to remove the improvements, appellee does not dispute. On the other hand, there is abun-

dant authority recognizing the right to remove on any continuation of the tenancy," and relies mainly upon Second National Bank v. Merrill Co., 69 Wis. 501, and Kerr v. Kingsbury, 39 Mich. 150; but even those cases are not authority that the property in such buildings, etc., remained in the Pipers after a new lease accepted, with such covenants as above quoted. The last case impliedly admits the contrary, by distinguishing it from Thresher v. East London, 2 B. & C. 608, where similar covenants were in the new lease.

Carlin v. Ritter, 68 Md. 478, contains a review of the authorities, and arrives at the same conclusion as this court held in Leman v. Best, 30 Ill. App. 323, that the tenant under a new lease did not retain the property, unless by arrangement with the landlord.

The estoppel claimed by the appellee, based upon statements of appellant's attorney, does not exist, as before the situation of the parties had changed, the appellee was informed that such statements were made under a mistake as to the facts.

The right to the money is with the appellant, and the judgment is reversed and the cause remanded with directions to award it to him. Reversed and remanded with directions.