National Bond & Investment Company (not Inc.), copartnership, consisting of Melville N. Rothschild and John L. Little, Appellees, v. Paul Zakos et al., Appellants.

## Gen. No. 27,899.

1. FORMER ADJUDICATION—*identity of actions.* An action of the fourth class in the municipal court, charging trespass on the case and trover of a specified automobile, filed by a copartnership as chattel mortgagee, after demand on the defendant for possession of the automobile, is in substance the same action as an earlier one in trover after replevin, against the same defendant, involving the right to possession of the same automobile, in which a corporation having the same name as the copartnership was plaintiff, and in which judgment went for defendants for failure of plaintiff to prove demand before suit.

2. CHATTEL MORTGAGES—*proof of validity.* A chattel mortgage is shown to have been valid by undisputed evidence that it was properly acknowledged and recorded, especially where it was offered and received in evidence without objection.

3. CONVERSION—*sufficiency of demand before action in trover.* A

sufficient demand on defendant for possession of the automobile in suit, by plaintiff before commencing action, is shown by evidence that demand was made on him that the car in question had been sold by a bailiff at public auction on execution sale, that defendant made the highest bid, that it was sold to him and he paid the bailiff, as against his testimony that he had not the possession, and that in the sale he had acted for his codefendant, who was not served, and that the money paid for it belonged to the codefendant.

4. CONVERSION—*demand before action in trover unnecessary where unavailing.* Judgment in trover for the plaintiff will not be reversed on the 'ground that the demand made on defendant before suit was unavailing because he was not then or at any time in possession of the automobile involved but that a codefendant who was not served had the possession, since evidence thereof shows that demand was unnecessary because unavailing.

5. SAVING QUESTIONS FOR REVIEW—*necessity for objection to evidence in trial court.* An objection to the admissibility of evidence as to the value of the chattel converted cannot be first urged on appeal.

6. CONVERSION—*value of chattel at time of conversion as measure of damages.* It was error in trover by chattel mortgagees, for the conversion of an automobile, to render judgment for the balance remaining due on the mortgage notes where that amount was in excess of the value of the car at the time of conversion as established by plaintiff's evidence.

7. FORMER ADJUDICATION—*bar by matter which should have been raised in earlier suit.* An action in trespass on the case and in trover for the conversion of a specified automobile by defendant, filed after demand was made and refused, is barred by the judgment in an earlier suit in trover after replevin involving the same subject-matter and facts and in substance the same suit, where the earlier judgment went for defendant for failure of the plaintiff to prove a demand before commencing the action and the evidence shows that a demand was unnecessary because it would have been unavailing, defendant never having had possession of the car, and that plaintiff permitted such judgment to be taken against it without taking nonsuit and thereafter failed to prosecute any appeal from such judgment.

Appeal by defendants from the Municipal Court of Chicago; the Hon. JOSEPH W. SCHULMAN, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed. Opinion filed October 17, 1923. Rehearing denied November 2, 1923.

RICHARD HILL, JR., for appellants.

JOHN W. CREEKMUR and DONALD J. DEWOLFE, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The National Bond and Investment Company (not inc.), a copartnership consisting of Melville N. Rothschild and John L. Little, filed a statement of claim in a fourth-class tort case in the municipal court of Chicago against Paul Zakos and George C. King, claiming that defendants had converted a Ford touring car to their own use upon which the plaintiffs had a valid chattel mortgage. There was a trial before the court without a jury and a finding in favor of plaintiffs. The damages were fixed at the amount unpaid under the chattel mortgage, viz.: $452.52. Judgment was entered on the finding and Zakos prosecutes this appeal.

The record discloses that plaintiffs held a chattel mortgage on a Ford touring car, the mortgage having been given by one Frank Mattley to secure his notes for $452.52, being a part of the purchase price of the car; that the mortgage was duly executed, acknowledged and recorded in the recorder's office of Cook county, Illinois; that about six weeks thereafter the bailiff of the municipal court levied an execution on the car under a judgment obtained against Mattley by one Sugle. The bailiff sold the automobile together with other personal property to Zakos for $385. Some time thereafter plaintiffs learned of this fact and brought an action of replevin in the municipal court against Zakos. The automobile was not obtained on the writ and plaintiffs filed a statement of claim in trover. The case was tried October 8, 1921, before the court upon issues joined and at the close of plaintiffs' case the court, on motion of

the defendant, found the defendant not guilty and entered judgment in favor of the defendant for costs. Plaintiffs prayed and were allowed an appeal to this court and time was fixed for the filing of an appeal bond and bill of exceptions, but the appeal was never perfected.

In the instant case the record discloses that in the first suit the court rendered judgment in favor of the defendant on the ground that plaintiffs failed to prove a demand before bringing the suit. The case at bar was commenced January 24, 1922, and after the judgment in the first suit and before the filing of the present suit plaintiffs made a demand for the automobile on the defendant, which demand was refused. Some contention is made by the plaintiffs that the two suits were not the same; that the plaintiff in the first suit was the National Bond & Investment Company, a corporation, and that the statement of claim was in trover, while in the instant case the charge is trespass on the case and trover. This is a fourth-class case and it is perfectly clear, upon a consideration of the record, that the two cases are the same in substance.

1. The defendant contends that the chattel mortgage was invalid because the evidence fails to show that it was acknowledged and recorded. We cannot understand how counsel can seriously make such a contention, because the undisputed evidence is that the mortgage was acknowledged and recorded and that it was offered and received in evidence without any objection. Making such an argument in this court in the face of evidence to the contrary, to say the least, is of no assistance to this court in determining the issues presented for review.

2. Defendant further contends, as we understand it, that the demand made on him for the Ford was of no avail because the evidence shows that at the time such demand was made he did not have possession of

the automobile. The evidence shows that the car was sold by the bailiff at public auction; that the defendant made the highest bid, $385, and that the car was sold to him and he paid the bailiff for it. The defendant's testimony, to the effect that he acted for the other defendant, King, who was not served, and that the money belonged to King, would not warrant us in holding that the automobile was in fact sold to King and not to Zakos. The court saw the defendant testify and found that the sale was made to him, and we think the finding is warranted by the evidence. The fact that the evidence shows that the defendant did not have the automobile at the time the demand was made upon him for it can be of no benefit to the defendant. It only goes to show that no demand was necessary at all because under the law, in an action of replevin or trover, no demand is necessary before bringing suit where the evidence discloses that such a demand would have been unavailing. The object of a demand is to afford the defendant an opportunity to restore the property to the one entitled to possession without being put to the expense and annoyance of litigation. But where it appears that the defendant either before the action was instituted or upon the trial contests the plaintiff's rights upon the merits, or where it appears that a demand would have been of no avail, then none is required, for the law never requires the doing of a useless thing. Wells on Replevin, sec. 373; *Cranz v. Kroger,* 22 Ill. 74; *Sinamaker v. Rose,* 62 Ill. App. 118; *Freehill v. Hueni,* 103 Ill. App. 118; 34 Cyc. 1405, 1410; *Guthrie v. Olson,* 44 Minn. 404; *Satterthwaite v. Ellis,* 129 N. C. 67; *Thompson v. Thompson,* 11 N. Dak. 208; *Webster v. Brunswick-Balke-Collender Co.,* 37 Fla. 433. In the instant case the testimony of the defendant himself is that he never had the automobile in his possession at any time. Therefore, no demand was necessary.

3.   The defendant further contends that the judgment is wrong because the record fails to disclose any evidence upon which to base the damages awarded; that in such case "the measure of damages is the market value of the chattel converted at the time of the conversion"; that the only evidence of value was the testimony of one witness to the effect that a new Ford car purchased May 5, 1921, and used with ordinary care for about six weeks would be worth about $400.   Counsel contends that this evidence was improperly admitted because nothing appears in the record to show that the car was used with ordinary care, but that for aught that appears it might have been in "twenty collisions."   It is sufficient to say that no such objection was made upon the trial when the evidence was offered, and it is an elementary rule that points not made in the trial court cannot be urged for the first time in this court.   There is no merit in the contention made, but the judgment entered is wrong because the most that plaintiff can claim is the value of the car at the time it was converted, and his witness testified it was worth about $400, while the judgment is for $452.52, the amount remaining due on the chattel mortgage notes.   It is obvious that judgment could not be rendered for more than the value of the car at the time it was converted.

4.   The defendant further contends that the judgment rendered in the first case was *res judicata,* and this was set up in defendant's affidavit of merits.   In reply to this contention counsel for plaintiffs take the position that since it appears they were defeated in the first action for the sole reason that they failed to prove a demand prior to the filing of the suit, this situation is similar to a suit which has been prematurely brought and for that reason decided adversely to them; that in such case the plaintiff is not barred if he sues a second time.   And in support of this the cases of *Bacon v. Schepflin,* 185 Ill. 122; *Lancaster v.*

*Snow,* 184 Ill. 534, and *Roberts v. Norris,* 67 Ind. 386, are cited. And it is argued that the *Roberts* case is precisely in point. In that case a demand was made before the maturity of the indebtedness, and for that reason plaintiff failed. This was held not to be a bar to a second suit. It is clear that that case is not applicable because there is no contention here that the indebtedness secured by the chattel mortgage was not due. In the instant case the evidence discloses that plaintiffs were defeated in the first case because they failed to make a demand prior to the commencement of the suit. It further appears from the evidence in that case that plaintiffs might have proven that the defendant did not have possession of the car and, therefore, a demand would have been unavailing and in such case no demand would have been required under the law. And if no demand was necessary, plaintiffs are barred by the former judgment, because their right to maintain the first action was as perfect as the present one. As said in the *Roberts* case (389): "It would seem that, if no demand was necessary in order to the maintenance of the action, the plaintiff is estopped by the former judgment, because his right to maintain the action in that case was as perfect as in the present one; and if the plaintiff was defeated in the former action by any misapprehension of law as to the necessity of a demand, and took no steps to set aside or reverse the judgment, he is bound thereby, and cannot maintain another action for the same cause." The undisputed evidence before us shows that defendant did not have the automobile in his possession at the time of the institution of either suit, and it is the law, where such fact appears from the evidence, that no demand is required because a demand would have been useless and of no avail. Plaintiffs having failed to make proper proof in the first case, and having failed to take a nonsuit, as was their right, but having permitted the court to enter

judgment against them, and failing to prosecute an appeal from the judgment there rendered, and the suits being the same, the judgment in the first case is a bar to the case before us. It follows, therefore, that the judgment is wrong and it is reversed.

*Reversed.*

TAYLOR, P. J., and THOMSON, J., concur.