Community Acceptance Corporation, Plaintiff-Appellant, v. John Falzone et al., Defendants.
Prairie State Finance Corporation and National Acceptance Company of Chicago, Defendants-Appellees.

Gen. No. 45,170.

Opinion filed April 24, 1951. Released for publication May 8, 1951.

WILLIAM M. GIBBONS, of Chicago, for appellant; WILLIAM V. BROOKS, of Chicago, of counsel.

JEROME SIROTA, of Chicago for certain appellee, and DAVID J. ZIMRING, also of Chicago, for certain other appellee; ALLEN M. QUINN, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An action by Community Acceptance Corporation, a corporation, plaintiff, against John Falzone; Michael Saliture; Edward J. Overhue; Harry M. Lowell; Prairie State Finance Corporation, a corporation; Michael Martinkus, and National Acceptance Company of Chicago, a corporation, defendants. The amended statement of claim alleges ownership of certain personal property by reason of plaintiff's being the owner and holder of a conditional sale contract, a copy of which is attached to the statement of claim; alleges successive conversions by all of the defendants and that the National Acceptance Company of Chicago and Prairie State Finance Corporation had converted the property to their own uses by exercising their rights as mortgagees under chattel mortgages dated subsequent to the conditional sale contract and had sold said property after foreclosing said mortgages. National Acceptance Company of Chicago, defendant, filed a verified motion to strike paragraphs numbers 8 and 9 from plaintiff's amended statement of claim and dismiss said Company as party defendant. The ground set up for said motion was that the statement of claim fails to allege a cause of action against said Company because "plaintiffs Statement of Claim sounds in tort, purports to charge conversion of per-

259

sonal property but fails to allege a demand for the return of said property." Prairie State Finance Corporation filed its verified motion to strike paragraphs numbers 6 and 7 from plaintiff's amended statement of claim upon the same ground that National Acceptance Company of Chicago set up in its motion. The trial court sustained both motions and dismissed said defendants out of the cause. Plaintiff appeals. We will hereinafter refer to Prairie State Finance Corporation and National Acceptance Company of Chicago, defendants, as defendants.

Plaintiff contends: "A. A complaint sounding in trover for conversion of personal property is sufficient in law without an allegation of demand for return of the property. B. Demand and refusal are matters of evidence and not of pleading." Defendants filed a joint brief in this court and contend: "1. A complaint sounding in tort for conversion of personal property based on wrongful detention must contain an averment of demand and refusal. A. When it appears from the complaint itself that demand and refusal are necessary to sustain the action for conversion, they must be pleaded."

While the parties state that "the question as to the insufficiency of the complaint, for failure to allege a demand and refusal in conversion cases has not heretofore been decided in Illinois," we find Illinois decisions that, in our judgment, control the question before us.

In *Hanchett v. Williams,* 24 Ill. App. 56, in an opinion by Moran, P. J., the court states (p. 57):

"Demand and refusal are only evidence of conversion in an action of trover, and if it is shown by the evidence that the goods for which recovery is sought were sold or otherwise disposed of by the person who had the possession of them, then the conversion is proven and it is unnecessary to prove a demand.

260

*Howitt v. Estelle,* 92 Ill. 218; *Kime v. Dale,* 14 Ill. App. 308.''

The court held that conversion was proved.

In *Camp v. Unger,* 54 Ill. App. 653, in an opinion by Mr. Justice Gary, the court states (p. 655):

''The acts of the appellants were a conversion by both, if the property was hers. *Follet v. Edwards,* 30 Ill. App. 386.

''No demand for the property was necessary after an actual conversion. *Hayes v. Mass. Life,* 125 Ill. 626.''

In *Howitt v. Estelle,* 92 Ill. 218, the court states (p. 220):

''It is objected that no demand for the machine was proved. None was required, as defendant testified she had sold it. This, then, was an actual conversion of the property, which rendered a demand unnecessary. A demand and refusal are only evidence of a conversion, and are not required where an actual conversion is proved. Chitty's Pl. vol. 1, p. 177, (6th Am. ed.). A wrongful taking or a wrongful sale constitutes an actual conversion, and when shown dispenses with a demand. But where a party comes lawfully into possession and retains the property, to put him in the wrong a demand and refusal are necessary.'' (See, also, *Nat. Bond & Investment Co. v. Zakos,* 230 Ill. App. 608, 612; *Hayes et al. v. Massachusetts Life Ins. Co.,* 125 Ill. 626, 637.)

■■ That there is no Illinois case where the identical question raised by defendants' motions to strike is involved is due, we think, to the fact that it is the settled law that where conversion (not a detention) is alleged and proved evidence of a demand and refusal is unnecessary, and if it is unnecessary to make such proof in order to make out a *prima facie* case upon a trial it certainly follows that it would be unnecessary to allege in the instant statement of claim a demand

and refusal in order to make out a *prima facie* case under a pleading that alleges conversions by both defendants of the property in question and a subsequent sale of the property by both defendants. We may add that the statement of claim alleges not only conversions of the property in question by both defendants but a sale of the property by both defendants. The motion to strike admits the truth of the facts so pleaded and it therefore appears that a demand for the return of the property would not only be unnecessary but useless.

We hold that the trial court erred in sustaining defendants' motions to strike and in dismissing defendants out of the cause. The judgment order of the Municipal Court of Chicago entered November 18, 1949, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment order reversed and cause remanded with directions.*

SCHWARTZ, P. J. and FRIEND, J., concur.