MONROE COUNTY WATER COOPERATIVE, Plaintiff-Appellee, *v.* THE CITY OF WATERLOO, Defendant-Appellant.

Fifth District No. 81-260

Opinion filed June 11, 1982.—Rehearing denied July 12, 1982.

Edward J. Kionka, of Carbondale, and Thomas C. Soraghan, of Belleville, for appellant.

Crowder, Traughber & Scoggins, Ltd., of Columbia, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The defendant, City of Waterloo (the City) appeals from a final judgment of the circuit court of Monroe County against the City and in favor of the plaintiff, Monroe County Water Cooperative (the Co-op). After a bench trial the trial court found that the City had converted a water line system properly belonging to the Co-op, and the court therefore awarded damages to the Co-op in the amount of $76,898, plus costs of suit. On appeal the City raises three issues for our consideration. First, the City contends that the trial court erred in finding that a 1955 water supply contract had been abandoned. Second, the City asserts that the

trial court erred in finding that the City had taken the Co-op's water lines. Third, the City maintains that the Co-op failed to plead the theory of conversion on which the judgment was based. We affirm the judgment of the circuit court.

The record indicates that about 1950 Walter Luhr constructed a system of water lines to service a subdivision which he was developing north of the City. After securing City approval, Luhr connected his water system to the City water system. About 1955 Louis Hoffman and Delbert Mueller also developed a subdivision north of the City for which they negotiated an agreement with the City to supply water. The contract, dated July 5, 1955, provided, in part, for Mueller and Hoffman to pay a specified rate for water passing through a master meter which was to be located at the connection to the City water system. A functional master meter was apparently never installed, and the City provided water through these lines to consumers, billing them directly.

In 1977 Hoffman and Mueller attempted to sell their line to the City. In January 1978, the city council voted to purchase the line for $23,500, but then in February 1978, the council reconsidered and voted not to purchase the line. Instead, the council unofficially suggested that a water district should be formed. Pursuant to that suggestion, the Co-op was formed.

On June 16, 1978, the Hoffman and Mueller water system and the Luhr system were sold to the Co-op. Mueller and Hoffman also assigned to the Co-op their interests in the 1955 contract. On July 11, 1978, the City passed an ordinance which provided for a rate greater than that provided by the 1955 agreement.

On December 4, 1978, the City denied the Co-op's request that the City pay a fee for the use of the water lines in question. Subsequently, the Co-op installed a new master meter in anticipation of final readings of individual meters in preparation for the Co-op's assumption of supply and billings. The City failed to supply the Co-op with a copy of the final meter readings. At trial the City presented evidence that the new master meter was defective.

On May 18, 1979, the Co-op filed a four-count complaint in the circuit court. The first count of the complaint sought, *inter alia*, specific performance of the 1955 contract as well as damages for breach thereof. The second count sought damages and alleged that the "defendant took and appropriated in part the aforesaid Cooperative Water Main System of plaintiff for the use and benefit of defendant and * * * without plaintiff's consent * * *." The third count sought damages for substantially similar conduct. The fourth count sought a writ of *mandamus* to compel the City to institute condemnation proceedings to acquire the water main system.

The trial court found that the Co-op's contract claim was barred by the statute of limitations in that more than 10 years had passed after a cause of action had accrued under that contract. The court also found that the defendant

> "* * * has in fact passively and actively negated attempts of plaintiff to be compensated as owner of its water lines and has taken over possession for its own public use and profit the water main system and its appurtenances which are the personal property of the Monroe County Water Cooperative, a corporation, and have [sic] assimilated same into defendants' [sic] Municipal Water System, for its undivided profit, without first acquiring said property in the manner provided for such taking of private property for public use, and without first obtaining the unconditional consent or permission of the Cooperative. This constitutes a conversion, a use or disposition of the personal property of the Cooperative not authorized by, without the license or consent of, or contrary to or in violatin [sic] of the instructions of or any agreement with the owner Cooperative in a wrongful assumption of ownership rights. Plaintiff's position is made difficult in the assertion of its proprietary rights in that were the plaintiffs to shut off the system at the valves preventing continued use, it would deprive 113 users of their only available central source of water. Similarly to seek an injunction for the same purpose would likewise deprive these people of water."

Based on this finding the court assessed damages in the amount of $76,898 plus costs of suit.

■■ The appellant's first contention is that the trial court erred in finding that the contract had been abandoned. We note, however, that appellant urged on the trial court precisely the point which he now claims as error. In closing argument the attorney for the City stated that "[w]e believe, Your Honor, that with the contract, Lou and Del basically abandoned the contract from the beginning, that, therefore, was no contract. That is one of our contentions." A "theory inconsistent with that which is espoused in the trial court may not be considered on review." *Commercial Discount Corp. v. Bayer* (1978), 57 Ill. App. 3d 295, 299, 372 N.E.2d 926.

■■■ The City's second contention is that the trial court erred in finding that the City had taken the Co-op's water lines. The City advances several arguments in support of this proposition. First, the City asserts that it committed no specific act which constitutes a taking. The trial court found that the defendant "has taken over possession for its own public use and profit the water main system and its appurtenances * * * and have [sic] assimilated same into defendants' [sic] Municipal Water System, for its undivided profit * * *." To constitute a conversion "[a]ll that is

required is that defendant exercise control over the chattel in a manner inconsistent with plaintiff's right of possession." (*Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 932, 419 N.E.2d 578.) The City has supplied water through the Co-op's lines and collected the charges directly from consumers. By so utilizing the system, the City has effectively prevented the plaintiff from making use of the system. This is sufficiently inconsistent with the Co-op's right of possession to constitute a conversion.

■■■ The City argues that direct billing is not a conversion because it was permitted under the 1955 contract. An analogous contention was rejected in *Jensen* (94 Ill. App. 3d 915, 933); moreover, we have already upheld the trial court's determination that the contract was abandoned, hence this point is without merit.

The City's final contention of error is that the Co-op failed to plead the theory of conversion on which the trial court predicated its judgment. Where a defendant is "cognizant of the nature and circumstances of plaintiff's claim for damages and the theory behind that claim, and the claim is supported by evidence adduced at trial, the pleadings will be liberally construed." (*Pickett v. First American Savings & Loan Association* (1980), 90 Ill. App. 3d 245, 251, 412 N.E.2d 1113.) Paragraph seven of count II of the complaint alleges that "defendant *took and appropriated* in part the aforesaid Cooperative Main System of plaintiff for the use and benefit of defendant and its municipal water system without plaintiff's consent * * *." (Emphasis added.) We find that this adequately apprises the defendant of the nature and circumstances of plaintiff's claim, therefore, despite the complaint's failure to use the word "conversion," we find that the complaint, when liberally construed, does allege a conversion.

The City asserts that the Co-op failed to demand the return of the system and that such a failure is fatal to the Co-op's cause of action. The cases are, however, divided as to whether an allegation of demand and refusal is always necessary to maintain a cause of action for conversion. (Compare *Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 933, with *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 633-34, 407 N.E.2d 156.) In cases which do not impose on a plaintiff the requirement of alleging demand and refusal, the defendant had sold or otherwise disposed of the property in question and thus no longer had possession thereof (*Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915; *Community Acceptance Corp. v. Falzone* (1951), 343 Ill. App. 258, 260-62, 98 N.E.2d 788), the rationale being that a demand for possession would be fruitless where the defendant no longer possesses the chattel and the law will not require the doing of a useless act. *National Bond & Investment Co. v. Zakos* (1923), 230 Ill. App. 608, 612.

■■ In light of the testimony of the Co-op's president that unsuccessful

attempts were made to obtain the meter readings from the City, we find this rationale applicable to the instant case, in that any demand would have been unavailing, and therefore we decline to require such an allegation.

We have examined the defendant's other assertions of error and found them to be without merit. We therefore affirm the judgment of the circuit court of Monroe County.

Affirmed.

JONES and KASSERMAN, JJ., concur.