SANFORD SELLERS

*v.*

WILLIAM F. THOMAS *et al.*

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*appeal lies to Appellate Court in proceeding for trial of the right of property.* An appeal may be taken to the Appellate Court from the judgment of the county court in a proceeding for the trial of the right of property under section 8 of the Appellate Court act, which repeals conflicting provisions.

2. SAME—*when Appellate Court is authorized to find the facts.* Section 87 of the Practice act authorizes the Appellate Court to make a finding of facts in its judgment only when such finding differs wholly or in part from the finding of the trial court.

3. SAME—*Supreme Court will determine whether the Appellate Court properly applied the law.* The Supreme Court will determine whether the Appellate Court properly applied the law to the facts found and recited in its judgment, and if the law has been improperly applied will reverse the judgment.

4. SAME—*presumption where Appellate Court's recital is silent as to part of facts.* If the Appellate Court's recital of facts is silent as to part of the matters of fact in controversy, it will be presumed as to such facts that the Appellate Court found them the same as the trial court.

5. MORTGAGES—*effect where note does not state that it is secured by a chattel mortgage.* The failure of a note secured by chattel mortgage to state upon its face that it is so secured, as is provided by the act of 1895, (Laws of 1895, p. 260,) does not invalidate the mortgage where the note has not been assigned. (*Hogan* v. *Akin*, 181 Ill. 448, followed.)

*Thomas* v. *Sellers*, 85 Ill. App. 58, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Putnam county; the Hon. JOHN M. McNABB, Judge, presiding.

This is a proceeding instituted in the county court for the trial of the right of property in certain personal property and chattels under the "act providing for the trial of right of property," etc., approved April 9, 1875, in force July 1, 1875. (Hurd's Stat. 1897, p. 1614).

The appellees, William F. Thomas and Mattie A. Thomas, obtained a judgment against David Sellers and Isabel Sellers. By virtue of an execution issued out of the circuit court of Putnam county upon said judgment, the sheriff levied on the personal property and chattels in question. The appellant, Sanford Sellers, gave notice to the sheriff under section 1 of said act of April 9, 1875, that he claimed the property levied upon, and intended to prosecute his claim thereto. The property was claimed by the appellant under a chattel mortgage alleged to have been executed to appellant by said David Sellers.

Upon the trial before the county court, a jury was waived by agreement, and the cause was tried by the court. Judgment was rendered in favor of the appellant, claiming under said mortgage. The defendants below— the execution creditors, who are appellees here—took an appeal from the judgment of the county court to the Appellate Court. The Appellate Court reversed the judgment of the county court without remanding the cause. The present appeal is prosecuted from such judgment of the Appellate Court, a certificate of importance having been granted.

JAMES E. TAYLOR, and ALFRED R. GREENWOOD, for appellant.

L. C. HINCKLE, and ARTHUR KEITHLEY, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—A motion was made in the Appellate Court by the present appellees, who were the appellants in that court, to dismiss the appeal there upon the ground that the Appellate Court was without jurisdiction to hear and determine the cause. It is claimed, that the Appellate Court was without jurisdiction, because section 11 of the act of April 9, 1875, in relation to the trial of the right of property, etc., (Hurd's Stat. 1897, chap. 140*a*), provides

that appeals may be taken to the circuit court "as in other cases;" and, for this reason, the contention is made that the present appellees should have taken their appeal from the county court to the circuit court, instead of the Appellate Court.

Sections 122 and 123 of the act of March 26, 1874, in relation to county courts, provide that appeals may be taken from final judgments of the county courts to the circuit courts of their respective counties in all matters, except that appeals and writs of error may be taken and prosecuted from final judgments of the county court to the Appellate Court in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, "and in all common law and attachment cases, and cases of forcible detainer and forcible entry and detainer." Section 8 of the act of June 2, 1877, in regard to Appellate Courts, as amended in 1887, provides that the Appellate Courts shall have jurisdiction of all matters of appeal or writs of error from the final judgments of the county courts "in any suit or proceeding at law, or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute." (Hurd's Stat. 1897, pp. 506-527).

Section 8 of the Appellate Court act repealed by implication section 122 of the County Court act, in so far as the latter section conflicted with it. So, also, it must be held, that section 8 of the Appellate Court act repealed section 11 of the act of April 9, 1875, in regard to the trial of the right of property. Where there is a final judgment of the county court "in any suit or proceeding at law or in chancery," other than the cases already mentioned, such judgment may be taken by appeal or writ of error to the Appellate Court. While the present proceeding may not be regarded as a suit at common law, yet it is clearly a "proceeding at law." The trial of the right of property, as provided for in the act of April 9, 1875, is

merely another form of the action of replevin without formal pleadings. The views here expressed are sustained by the cases of *Union Trust Co.* v. *Trumbull*, 137 Ill. 146, and *Lynn* v. *Lynn*, 160 id. 307. We are, therefore, of the opinion that an appeal lay in the present case from the judgment of the county court to the Appellate Court, and that the Appellate Court committed no error in overruling the motion to dismiss the appeal for want of jurisdiction.

*Second*—The appellant, Sanford Sellers, claimed the property, levied upon under the execution of the appellees, by virtue of a chattel mortgage, held by him and dated January 4, 1898, to secure a promissory note for $834.00, executed by David Sellers, and payable in two years after date. The Appellate Court, in their judgment reversing the judgment of the county court without remanding the cause to that court, made a finding of facts to the effect "that the note intended to be secured by the mortgage bore upon its face the words 'secured by mortgage,' and did not show that it was secured by a chattel mortgage; * * * that appellee (appellant here) bases all his claim to the property on this supposed chattel mortgage." In other words, the Appellate Court, in their judgment, found that the note, secured by the chattel mortgage in question, did not show upon its face that it was secured by a chattel mortgage, and, upon this ground, held that the mortgage was invalid. The finding of facts by the Appellate Court in its judgment is only authorized by section 87 when its finding either wholly or in part of the facts concerning the matter in controversy is different from the finding of the trial court. (*Hogan* v. *City of Chicago*, 168 Ill. 551). The note in the present case recited that it was "secured by mortgage." It would appear, therefore, that the trial court held these words to mean, that the note was secured by a chattel mortgage, but, on the contrary, the Appellate Court has found that the note did not state upon its face that it was secured by a

chattel mortgage. If the finding embodied in the judg-
ment of the Appellate Court is such a finding of facts as
is contemplated by section 87, we may inquire whether
the law has been correctly applied to the facts, and
determine whether the refusal to remand the cause was
proper. If it appears, that the law has been applied
improperly upon the facts found by the Appellate Court
and recited in its final judgment, it will be the duty of
this court, on review of such question of law, to reverse
the judgment of the Appellate Court. When the facts
are found, it is a question of law as to what judgment
shall follow. (*Hogan* v. *City of Chicago, supra; Hawk* v.
*Chicago, Burlington and Northern Railroad Co.* 138 Ill. 37).

The act of July 1, 1895, entitled "An act to regulate
the assignment of notes secured by chattel mortgages,
and. to regulate the sale of property under the power
of·sale contained in chattel mortgages," provides, in the
first section thereof, "that all notes secured by chattel
mortgages shall state upon their face that they are so
secured, and, when assigned by the payee therein named,
shall be subject to all defenses existing between the payee
and the payor of said notes the same as if said notes were
held by the payee therein named, and any chattel mort-
gage securing notes, which do not state upon their face
the fact of such security, shall be absolutely void." (Laws
of 1895, p. 260).

In *Hogan* v. *Akin*, 181 Ill. 448, where the act of July 1,
1895, was construed, we held that a chattel mortgage is
not void under section 1 of that act for failure of the note
to state upon its face that it is secured by a chattel
mortgage, unless the note has been assigned. In the case
at bar, the note had not been assigned, but was held by
the appellant, the original payee therein. Under this
decision, the mortgage was good as between the parties
thereto, irrespective of the question whether the note
did or did not recite upon its face that it was secured by
a chattel mortgage. It is, therefore, immaterial whether

the note bore upon its face the statutory requirement or not, the provision of the statute having reference only to the assignment of such notes. The holding of the Appellate Court was, therefore, wrong, and the law was not properly applied to the facts found by that court in its judgment.

It is contended, upon the part of the appellant, that he took possession of the property before the lien of the execution attached. The rule is "that, if the mortgagee actually obtains the possession under a clause in the mortgage permitting him to do so, before any other rights attach, as respects the property, he will hold the same position he would if the possession had passed to him at the time the mortgage was given." (*Frank* v. *Miner*, 50 Ill. 444). On the other hand, it was contended on the part of appellees, that, at the sale under the chattel mortgage which took place on April 3, 1899, the appellant, the mortgagee, became a purchaser of most of the property, and that the property was permitted to remain on the farm of the mortgagor the same as before the sale. But we do not deem it necessary to pass upon these claims or contentions.

The recital in the judgment of the Appellate Court is as to one fact only, namely, that the note in question did not show upon its face that it was secured by a chattel mortgage. The recital in the judgment has no reference to any of the other contentions above named, namely, as to whether or not the mortgagee was a purchaser at his own sale, and as to whether or not the property after the sale was permitted to remain in the possession of the mortgagor. It will be presumed, therefore, that, as to these other questions not mentioned in the recital contained in its judgment, the Appellate Court found the facts the same as the county court found them; and the judgment of the county court was in favor of the present appellant upon these other issues. "Where there is a recital of the facts controlling some of the issues, and no

recital of facts as to other issues, it may be presumed that the Appellate Court found, in respect of the latter, as did the trial court." (*Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 Ill. 626; *Hawk* v. *Chicago, Burlington and Northern Railroad Co. supra*).

Inasmuch as the Appellate Court incorrectly found the mortgage to be invalid, it erred in entering a judgment reversing the judgment of the county court without remanding the cause.

Accordingly, the judgment of the Appellate Court is reversed, and the cause is remanded to that court with directions to affirm the judgment of the county court.

*Reversed and remanded, with directions.*