## Empire Tailoring Co. v. First National Bank.

1. APPEALS—*From Trials of the Rights of Property.*—An appeal lies to the Appellate Court from the judgment of the County Court in a proceeding for the trial of the rights of property.

Trial of the Rights of Property.—Appeal from the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed July 31, 1900.

GILBERT & RIPLEY, attorneys for appellant.

ALBERT E. POLLAK and JAMES R. WARD, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

By virtue of an execution against James Heiss, the sheriff of Cook county levied upon certain personal property, December 30, 1898. The next day after such levy a notice

was served upon said sheriff to the effect that appellant claimed to be the owner of the goods thus levied upon. The sheriff thereupon presented the matter to the County Court and a trial of right of property under the statute was had in that court, resulting in a judgment against appellant.

It is contended by counsel for appellee that the appeal, if any, from the judgment of the County Court, should have been to the Circuit Court, and that this court has no jurisdiction to entertain this appeal directly from the County Court. That question has been definitely settled by the Supreme Court since the printed argument in the case at bar was filed. The appeal was properly taken to this court. Sellers v. Thomas, 185 Ill. 384.

Upon the trial, A. J. Anderson was called as a witness on behalf of appellee. During his cross-examination the court adjourned for the day. When the court convened the next morning said Anderson was not present, and counsel for appellee stated that he was informed that said Anderson had left the city in answer to a telegram to attend the United States court at Milwaukee. The testimony of said Anderson was material. The court instructed the jury to pay no attention whatever to any of his testimony.

As this case must be reversed and remanded for another trial, we do not deem it proper to enter into a discussion of the merits when only a part of the testimony can be considered, further than to say that upon the testimony properly before this court the judgment can not be sustained.

The judgment of the County Court will be reversed and the cause remanded.