## E. Smith v. Ivan Schey et al.

1. CHATTEL MORTGAGES—*Notes Secured by—Application of the Act of 1895.*—The provisions of the act of July 1, 1895, entitled "An act to regulate the assignment of notes secured by chattel mortgages and to regulate the sale of property under the power of sale contained in chattel mortgages" (Laws, 1895, p. 260), applies only to chattel mortgages the notes secured by which have been assigned, and not to mortgages the notes secured by which are held by the mortgagee.

**Foreclosure,** of a chattel mortgage in chancery. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded with directions. Opinion filed March 18, 1902.

June 16, 1896, appellees executed seven promissory notes, for the total sum of $265, to E. Smith; the same date appellees executed a chattel mortgage upon all their household effects to secure these notes. December 23, 1896, Smith filed a bill in the Circuit Court, asking that this mortgage be foreclosed; alleging, among other things, that most of the indebtedness had become due and had not been paid. Appellees filed an answer to the bill, alleging, among other things, that said notes did not contain the words, "This note is secured by chattel mortgage." The cause was referred to a master, where evidence was introduced by complainant and defendants. The master found for the complainant. The cause then came on for hearing before the chancellor, who, after hearing the evidence, found for the

defendants, for the reason that the notes did not contain the words, " This note is secured by chattel mortgage."

WILLIAM S. NEWBURGER, attorney for appellant.

No appearance for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The provisions of the act of July 1, 1895, entitled, " An act to regulate the assignment of notes secured by chattel mortgages," applies only to chattel mortgages the notes secured by which have been assigned, and is not applicable to mortgages like the one in question, wherein the secured notes are held by the mortgagee. The chattel mortgage under consideration is therefore not void. Hogan v. Akin, 181 Ill. 448; Sellers v. Thomas, 185 Ill. 384.

The decree of the Circuit Court is reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.

Reversed and remanded, with directions.