### In re BIRCK & CO.

### McKEY v. TORPEY.

(Circuit Court of Appeals, Seventh Circuit. October 10, 1905.)

#### No. 1,212.

BANKRUPTCY—LIEN OF CHATTEL MORTGAGE—ILLINOIS STATUTE.

Under Act Ill. June 21, 1895 (Laws 1895, p. 260), which provides that "any chattel mortgage securing notes which do not state upon their face the fact of such security, shall be absolutely void," an assignee of such a note and of a chattel mortgage purporting to secure the same has no lien upon the property, even though he has taken possession of the same, which can be enforced as against the trustee in bankruptcy of the mortgagor.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy.

The trustee of the estate of Birck & Co., bankrupt, petitions for review of an order of the District Court sitting in bankruptcy, which affirms an order of the referee in bankruptcy, directing that the trustee pay to William Torpey, respondent, the sum of $2,084. The material facts are undisputed, as found by the referee, namely: On January 14, 1904, William Torpey loaned $1,000 to the bankrupt (a corporation) and received as security a note for $5,000, made by the bankrupt August 5, 1903, in favor of Gertrude B. Gilbert, together with a chattel mortgage of even date, covering certain personal property of the bankrupt, securing such note for $5,000. This collateral note had been assigned by the payee to one R. M. Birck, and the assignee indorsed the note and delivered both note and mortgage to Torpey, as security for the loan of $1,000. On May 15, 1904, a further loan of $1,000 was made by Torpey to the bankrupt, under agreement that the above-mentioned collateral should secure its payment as well. The $5,000 note referred to did not show upon its face that it was secured by chattel mortgage, and the chattel mortgage was not recorded. On December 12, 1904, Torpey took possession of the property covered by the chattel mortgage and posted notices of sale thereunder pursuant to statute. On December 16, 1904, the petition for adjudication of involuntary bankruptcy against Birck & Co. was filed, and a receiver was appointed by the District Court. On December 17th Torpey turned over the property so taken by him to the receiver, subject to his rights, if any, under the alleged mortgage. Upon sale of such property by the trustee the referee ascertained the amount due to Torpey upon both loans to be $2,084, and directed its payment by the trustee out of the proceeds.

Julius N. Heldman, for petitioner.

C. S. Omera, for respondent.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts). The question whether the respondent, Torpey, obtained a valid lien upon the property of the bankrupt, through the alleged chattel mortgage and seizure, arises out of a special provision of the Illinois statute (2 Starr & C. Ann. St. 1896, c. 95, par. 26) and does not involve the general inquiries of bona fides, preference, or want of record. The bona fides of the transaction is not challenged, and it is conceded on behalf of the petitioner that the failure to record the mortgage was cured by the seizure before the commencement of proceedings in bankruptcy.

The statute referred to is an act of the General Assembly of Illinois, approved June 21, 1895 (Laws 1895, p. 260), which provides:

"That all notes secured by chattel mortgages shall state upon their face that they are so secured, and when assigned by the payee therein named, shall be subject to all defenses existing between the payee and the payor of said notes the same as if said notes were held by the payee therein named, and any chattel mortgage securing notes which do not state upon their face the fact of such security shall be absolutely void."

In the case at bar the chattel mortgage under which the lien is claimed secured a note made by the mortgagor, and both instruments were assigned—in the first place to Birck, and finally to the respondent, Torpey, as collateral security for his loans—while the note contained no mention upon its face "of the fact of such security." The alleged chattel mortgage, therefore, is within the express terms of this enactment, and likewise within its object as defined in Hogan v. Akin, 181 Ill. 448, 454, 55 N. E. 137, and Sellers v. Thomas, 185 Ill. 384, 388, 57 N. E. 10, and is thus declared, upon such assignment, to "be absolutely void." Such enactment is plainly within the legislative power and is unaffected by any provision of the bankruptcy law. The instrument which came to the hands of the respondent as security, though in the form of a chattel mortgage, became void and without force when it was assigned, not only as against creditors but between the parties, so that no lien was obtained, and the possession taken thereunder was wrongful.

We are constrained to the opinion that the orders of the referee and District Court were erroneous in upholding the respondent's claim to a lien, and each is reversed accordingly, with direction to proceed in conformity herewith.