Angelus Geocaris and George Stamatides, partners as Greek American Bank, Defendants in Error, v. Tom Carellas and Christ Andreadis, Plaintiffs in Error.

### Gen. No. 17,195.

Chattel mortgages—*maker's defenses against assignee.* Under the Act of June 21, 1895, § 1, providing that notes secured by chattel mortgages, when assigned by the payee, shall be subject to all defenses existing between the payee and payor, in an action by an assignee for value before maturity, without knowledge of defenses between the maker and payee, the maker may show that he did not receive the property mortgaged though the mortgage recites that such property "is situated" in his place of business, and this is especially true in case of a judgment by confession.

Error to the Municipal Court of Chicago; the Hon. Frederick L. Fake, Jr., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 7, 1912.

B. E. Cohen, for plaintiff in error; H. J. Rosenberg, of counsel.

Stedman & Soelke, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

This writ of error was sued out to reverse a judgment entered by confession for $203.50, upon six notes reciting upon their face that they are secured by chattel mortgage. Plaintiffs in error executed the notes and mortgage in question, and defendants in error purchased the notes for value before maturity and without notice of any defense existing between the makers and the payee. Upon motion the defendants below (plaintiffs in error) were allowed to plead to the merits, the judgment to stand as security; and upon the hearing it was stipulated that in December, 1909, defendants agreed to purchase from the Manusos Carbonator Company a "carbonator machine" to be delivered and installed at defendants' place of business on W. 26th street, Chicago, on or before February 1, 1910, for which they agreed to pay $225, one-third in cash and two-thirds in notes secured by chattel mortgage on the machine; that they made the cash payment at once and at the same time executed and delivered the notes and mortgage to the Carbonator Company, who sold the notes to defendants in error; but that the machine was not delivered on or before February 1, 1910, and when subsequently tendered to defendants, they refused to receive it on account of the delay. The trial court held that these facts could not be shown as a defense to the notes in a suit brought by defendants in error; and the only question here involved is as to the correctness of that ruling.

By section 1 of the act of June 21, 1895, entitled "An act to regulate the assignment of notes secured by chattel mortgages," etc., it is provided "that all notes secured by chattel mortgages    *    *    *    when assigned by the payee therein named, shall be subject to all defenses existing between the payee and the payor of said notes the same as if said notes were held by the payee therein named," etc. In Hogan v. Akin, 181 Ill. 448, the court said of this section (p. 454): "The object of the act is to destroy the negotiability of notes

of that class, so that, in case of assignment, the assignee would not have rights that the payee did not have.''

It would seem to follow from these quotations that if the defense here claimed could have been shown in an action brought by the payee on the notes, the same defense may be urged in a suit brought by the assignee, since the enactment of the act of 1895. Indeed, counsel for defendants in error practically concede this to be true; but they contend that the makers in this case are estopped from asserting that they did not receive the property mortgaged, because, they say, the mortgage recites that such property "is situated" in defendant's place of business on W. 26th street, even though this recital be in fact untrue. We can see no merit in the contention. If the suit had been brought by the payee on the notes, there would be no doubt the defendants might, if they could, show a want or failure of consideration; and no good reason is perceived. why, under the statute cited, they may not make the same defenses in this case. Especially is this true in cases of judgments by confession, over which courts of law exercise an equitable jurisdiction. Farwell v Huston, 151 Ill. 239, 246.

The judgment of the Municipal Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*