Edwin W. Schillo, Appellant, v. E. A. White and B. J. Millard. B. J. Millard, Appellee.

Gen. No. 22,905.

1. CHATTEL MORTGAGES, § 37*—*when chattel mortgage not void because notes evidencing secured indebtedness do not recite on their face fact of such security.* Section 1 of the act relating to the assignment of notes secured by chattel mortgages (J. & A. ¶ 7602), applies only where an assignment of notes has taken place and, where notes have not been assigned, the contention that the chattel mortgage is void as against third persons, because the notes evidencing the indebtedness do not recite the fact of such security on their face, is without merit.

2. CHATTEL MORTGAGES—*what are rights of mortgagee upon unauthorized sale of chattel without satisfaction of indebtedness.* Where a chattel mortgage provides that the mortgagee shall be entitled to immediate possession of the chattel if the mortgagor shall sell or assign it, a sale of the chattel, without satisfying the indebtedness or obtaining the mortgagee's consent, constitutes a breach of the covenant, whereby the mortgagee becomes entitled to immediate possession of the property, as against the mortgagor or any one claiming under him, and, being unable to recover the property, an action in trover lies for the wrongful conversion thereof.

3. TROVER AND CONVERSION, § 47*—*what is measure of damages for conversion of mortgaged chattel in action against purchaser.* The measure of damages in an action of trover against the purchaser of mortgaged chattels who converts them by making a sale to another is the amount due on the debt secured by the mortgage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Schillo v. White et al., 207 Ill. App. 390.

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and judgment here. Opinion filed October 9, 1917.

JUUL & JUUL, for appellant.

SCOTT OSTEN CAVETTE, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

This action was originally in replevin for the recovery of an automobile. Being unable to find the property, plaintiff was subsequently given leave to sue in trover. In the course of the trial, E. A. White was dismissed from the case, and the cause proceeded against B. J. Millard as the sole defendant. At the close of plaintiff's evidence, the court found the issues for the defendant and entered judgment thereon.

The evidence shows that the said automobile was purchased from plaintiff by the said White; that he (White) made a cash payment thereon at the time of delivery and gave several judgment notes due at different times, the last of which matured on August 30, 1915, to evidence the unpaid balance of the purchase price; that said notes were secured by a chattel mortgage on said automobile, duly executed and filed for record; that the said notes, however, contained no recital upon their face that they were so secured; that on or about August 17, 1915, the said automobile was purchased by defendant (Millard) for $400 from one Moore, who acted on behalf of the said White; that on August 18, 1915, defendant (Millard) sold it to one Rose Birk. The evidence also shows that at the time of the sale to Millard there was an unpaid balance of $275 due plaintiff on said car.

The first point presented for determination is, whether or not the chattel mortgage hereinabove re-

ferred to was a valid, subsisting lien on said automobile as against third persons. Defendant contends that because the notes evidencing the indebtedness do not recite the fact of such security on their face, the said chattel mortgage is void under section 1 of "An Act to regulate the assignment of notes secured by chattel mortgages," etc., ch. 95, p. 1772, Hurd's Rev. St. of Illinois, 1915-16 (J. & A. ¶ 7602). We think defendant has misconceived the effect of this statute. As indicated by its title, it is intended to "regulate the assignment of notes secured by chattel mortgages," and applies only to instances where an assignment of the notes has taken place. (*Hogan v. Akin*, 181 Ill. 448; *Sellers v. Thomas*, 185 Ill. 384.) Since the notes in the instant case have not been assigned, and are still in the possession of the payee (plaintiff), obviously defendant's contention that the mortgage is void because of the aforesaid omission is without merit.

The chattel mortgage now before us provides *inter alia* that the mortgagee (plaintiff) shall be entitled to the immediate possession of the property "* * * if the mortgagor shall sell or assign or shall attempt to sell or assign the said chattel." When the defendant White sold the said automobile to defendant Millard, without first satisfying the mortgage indebtedness or obtaining plaintiff's consent thereto, he committed a breach of covenant, whereby plaintiff became entitled to the immediate possession of the property, as against the mortgagor (White) or any one claiming under him, and, being unable to recover the property, an action in trover would lie for the wrongful conversion thereof. (38 Cyc. 2028; 28 Amer. & Eng. Encyc. of Law 667; *Bailey v. Godfrey*, 54 Ill. 507; *Bank of Commerce of Kansas City v. Morris*, 114 Mo. 255.)

The measure of plaintiff's damages is the amount

due him on his debt secured by the mortgage from White (*Howard v. Burns,* 44 Kan. 543), which the evidence shows is $275, and we think there is prima facie evidence that the value of the car exceeded said amount. Accordingly, the judgment of the Municipal Court is reversed and judgment entered here for the plaintiff in the sum of $275 and costs.

*Reversed and judgment here.*