**Stuckemeyer & Olson, for use of Mattoon Grocery Company, Appellee, v. A. H. Wyrick, Appellant.**

**Gen. No. 7,843.**

1. CHATTEL MORTGAGES—*title to property purchased at foreclosure sale where note omits reference to mortgage.* In view of Cahill's St. ch. 95, ¶ 27, no title to property sold under a chattel mortgage foreclosure sale was acquired by a purchaser thereat where the sale was had at the instance of an assignee of the mortgage and the note secured thereby, and such note did not on its face state that it was secured by the mortgage.

2. GARNISHMENT—*property of judgment debtor sold at void chattel mortgage foreclosure sale as subject to garnishment.* Property sold under a chattel mortgage foreclosure had at the instance of an assignee of the mortgage and the note thereby secured, where such note did not on its face recite that it was secured by the mortgage, must be regarded as assets of the mortgagor in the hands of the assignee of the mortgage who purchased the same at such sale, and as such subject to garnishment by creditors of the mortgagor.

3. GARNISHMENT—*proof of value of assets of judgment debtor in hands of garnishee.* Where on sale of property under foreclosure of a chattel mortgage for $400, the same was purchased by the assignee of the note and mortgage for $481, under circumstances such that he held the same subject to garnishment by other creditors of the mortgagor, the value of the property for purposes of the garnishment proceedings will be deemed, in the absence of other testimony, to have been at least the amount paid therefor at such sale.

4. GARNISHMENT—*right of garnishee to set off indebtedness of judgment debtor to him.* The assignee of a note secured by a chattel mortgage who purchased the mortgaged property at a sale thereof on foreclosure of the mortgage, while chargeable as garnishee for the value of such property at the suit of other creditors of the mortgagor, was entitled to set off the amount of the mortgage debt, in view of Cahill's St. ch. 62, ¶ 13.

Appeal by defendant from the Circuit Court of Shelby county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded with directions. Opinion filed March 8, 1926.

J. C. WILLARD and GEO. B. RHOADS, for appellant.

JOHN MCNUTT, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is a suit in attachment brought by the appellee, Mattoon Grocery Company, against Stuckemeyer & Olson, to recover a balance of $132.75, which was due the appellee for groceries sold and delivered. A personal judgment was rendered in the case against Stuckemeyer & Olson. The matter for review is a garnishment proceeding against the appellant, A. H. Wyrich. Judgment was rendered against appellant as garnishee in the circuit court of Shelby county for the full amount of appellee's claim. This appeal is prosecuted from the judgment.

At the hearing in the court below, a stipulation was entered into by the parties concerning the facts upon which the judgment is based. It appears from this stipulation that Stuckemeyer & Olson were copartners in the conduct of a retail grocery business in Shelbyville, and that on January 20, 1923, they executed a note for an indebtedness of $400, which was secured by chattel mortgage on their stock and fixtures, but the fact that the note was secured by a chattel mortgage was not stated upon the face of the note. It also

appears from the stipulation that the note and chattel mortgage were afterwards assigned to the appellant, and that before the commencement of this suit, the appellant as assignee had foreclosed the mortgage, and by virtue of the mortgage foreclosure took possession of all the stock and fixtures of Stuckemeyer & Olson, and thereafter proceeded in accordance with the provisions of the mortgage to have a public sale of the property and chattels, and that the appellant · became the purchaser thereof at the sale, for $481. Afterwards, he sold and disposed of the property and chattels to other parties. One of the questions presented for review on this appeal concerns the validity of the chattel mortgage under which the foreclosure sale was had, and under which the appellant claimed the right of foreclosure. It is well settled that the failure to indorse, on the face of the note, the fact that it is secured by a chattel mortgage, invalidates the chattel mortgage in the hands of an assignee, under section 26, ch. 93 of the Chattel Mortgage Act [Cahill's St. ch. 95, ¶ 27]. *Hogan v. Akin,* 181 Ill. 448; *Sellers v. Thomas,* 185 Ill. 384; *Schillo v. White,* 207 Ill. App. 390. The chattel mortgage in question was void in the hands of the appellant as assignee, and therefore he had no legal right to foreclose the same, nor to seize the stock and fixtures, nor to have them sold thereunder, and it follows, that he could not, and did not, legally acquire any title to the property and chattels by virtue of the foreclosure sale, and the seizure of the property and chattels, and the subsequent disposition of the same by him, though made in good faith, amounted in law to a conversion of the property and chattels taken, and the value of the property and chattels converted by him must therefore be regarded as assets in the hands of appellant for the benefit of the creditors of Stuckemeyer & Olson, and subject to garnishment. Concerning the question of the value of the property and chattels taken, there is only one

matter which directly tends to show their value, namely, the amount which the appellant bid for the property and chattels, and the amount for which they were sold to him at the foreclosure sale, namely, $481, and it must be considered that the property and chattels were worth at least as much as they were sold for at the foreclosure sale. And when appellant was served as garnishee under the attachment writ, he therefore had in his hands the sum of $481 belonging to Stuckemeyer & Olson, and which they had the legal right to sue for and recover from him in assumpsit, and the creditors had the same right of recovery under garnishment statute. *Commercial Nat. Bank v. Kirkwood*, 172 Ill. 563. But under section 13 of the Garnishment Act, the appellant, who is also a creditor, with a demand against Stuckemeyer & Olson, had the right to deduct his demand from the $481 in his hands, and to retain the amount of his own demand. Section 13 [Cahill's St. ch. 62, ¶ 13] expressly gives him this right. It provides: ''Every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his hands all demands against the plaintiff, and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and whether by way of set-off on a trial, or by the set-off of judgments or executions between himself and the plaintiff and defendant severally, and he shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries.'' In this connection it should be pointed out that while the chattel mortgage was void as security for the note, the demand of the appellant represented by the note, is so far as the stipulation discloses a valid claim and demand against Stuckemeyer & Olson. The validity of this note as a bona fide indebtedness of Stuckemeyer & Olson is not con-

troverted. The appellant therefore had the right of set-off for his own demand, whether the same is due or not. *Paisley v. Park Fireproof Storage Co.,* 222 Ill. App. 96; *Obergfell v. Booth,* 218 Ill. App. 492. There are no matters of fact set forth in the stipulation which deprive the appellant of his right to claim the set-off and deduction given him by the statute, nor estop him from asserting this statutory right.

For the reasons stated, we are of opinion that the judgment rendered herein was erroneous, and it is therefore reversed, and the cause is remanded with directions to enter a judgment against the appellant for the amount of the balance remaining in his hands after deducting from the sum of $481, the amount payable on the $400 note, which appellant holds against Stuckemeyer & Olson.

*Reversed and remanded with directions.*