GEORGE VUJOICH, Plaintiff in Error, *vs.* J. B. ANDERSON, Defendant in Error.

*Opinion filed April 23, 1926.*

PRACTICE—*time for filing appeal bond in county court actions involving right of property is governed by Practice act.* In actions in the county court involving a trial of the right of property the time for filing an appeal bond is fixed by the court under section 92 of the Practice act, as section 11 of the "act providing for the trial of the right of property and claims of exemption in the county court," (Laws of 1875, p. 70,) was repealed *in toto* by section 8 of the Appellate Court act of 1877, doing away with the right of trial *de novo* in the circuit court on appeal from the county court and providing a direct appeal to the Appellate Court.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

BROWN, BROWN & BROWN, for plaintiff in error.

MARTIN C. DECKER, and RALPH J. DADY, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

George Vujoich brought this action in the county court of LaSalle county against J. B. Anderson to try the right of property in certain personal property that Anderson had caused the sheriff to levy upon by virtue of a judgment in his favor against Louis and Valinka Katich. Vujoich claimed the same property under a chattel mortgage executed by the Katiches. Upon a hearing before the county court, a jury having been waived, a finding in favor of Vujoich was made. The court granted a new trial, and upon a hearing before a jury a verdict was returned finding the issues against Vujoich. Motions for a new trial and in arrest of judgment were overruled and judgment entered in favor of Anderson. Vujoich prayed an appeal to the Appellate Court for the Second District, which was allowed upon the filing of an appeal bond within twenty days and a bill of exceptions within sixty days. The appeal bond was thereafter filed and approved on the seventh day after the entry of judgment. The bill of exceptions was presented, approved and filed within the sixty days. The transcript of the record, abstracts and briefs and arguments of Vujoich were filed in the Appellate Court in due time. Anderson thereupon filed his motion in the Appellate Court to dismiss the appeal on the ground that the appeal bond had not been filed within five days after the entry of judgment, as required by law. This motion was allowed and the appeal dismissed by the Appellate Court. This court granted a petition for a writ of *certiorari* to the Appellate Court.

The only question presented for decision is whether or not the appeal bond, to give the Appellate Court jurisdiction, was required to be filed within five days, or whether it was filed in time when filed on the seventh day and within the time required by the court in granting the appeal.

Anderson, the defendant in error, contends that section 11 of "An act providing for the trial of the right of

property and claims of exemption in the county court,"
(Laws of 1875, p. 70,) which provides, "An appeal may be
taken to the circuit court, as in other cases: *Provided,* the
same is prayed on the day of the entering of judgment,
and the bond shall be given within five days from the time
of entering judgment, and the trial in the circuit court shall
be *de novo,*" is applicable, and the bond in this case should
have been filed within five days after the entry of judg-
ment, as specifically provided in the foregoing act.   Vu-
joich, the plaintiff in error, contends that section 11 afore-
said was repealed *in toto* by section 8 of the Appellate
Court act of June 2, 1877, as amended in 1887, which pro-
vides that the Appellate Court shall exercise appellate ju-
risdiction of all matters of appeal or writs of error from
the final judgments, orders or decrees of any of the cir-
cuit courts, or the superior court of Cook county, or county
courts, or from city courts, in any suit or proceeding at
law or in chancery, other than criminal cases not misde-
meanors, and cases involving a franchise or freehold or the
validity of a statute.

Section 92 of the Practice act of 1907 provides: "Ap-
peals shall be prayed for and allowed at the term at which
the judgment, order or decree is rendered, and the party
praying for such appeal shall, within such time, not less
than twenty days, as shall be limited by the court, give and
file in the office of the clerk of the court from which the
appeal is prayed, bonds, in a reasonable amount, to secure
the adverse party, to be fixed by the court, with sufficient
security, to be approved by the court."

In the case of *Sellers* v. *Thomas,* 185 Ill. 384, (a trial
of the rights of property,) this court held that the appeal
from the county court in such case should go direct to the
Appellate Court, and that section 11 of the act in regard to
the trial of the right of property was repealed by section 8
of the Appellate Court act.   Although the question of the
time in which bond was required to be given in appeals to

the Appellate Court from the county court in the trial of the right of property was not before the court in that case, the general statement was made "that section 8 of the Appellate Court act repealed section 11 of the act of April 9, 1875, in regard to the trial of the right of property."

The defendant in error does not dispute the fact that so much of section 11 aforesaid as provided for an appeal to the circuit court was repealed by section 8 of the Appellate Court act, and also that part of the foregoing section that provided for a trial *de novo* on the appeal. The only other provision of the section is that the appeal shall be prayed on the day of entering judgment and that the appeal bond shall be filed within five days thereafter. Upon appeals to the Appellate Court in all cases wherein there is no special act the time for filing bond is fixed by the court, as provided in section 92 of the Practice act, and that time shall not be less than twenty days.

When the jurisdiction of the circuit court to hear the appeal as a trial *de novo* was repealed by section 8 of the Appellate Court act, the remainder of section 11 aforesaid became inoperative, because an appeal to the Appellate Court is tried on the record and not *de novo,* and the time for filing of the appeal bond is provided by section 92 of the Practice act. Section 11 was repealed *in toto* by section 8 aforesaid, because the time for praying an appeal and the time for filing an appeal bond and the provision that the trial should be *de novo* are prefaced upon the first clause of the section, which provides for an appeal to the circuit court. All of the provisions of the section referring to the time for praying an appeal, the time for filing bond and that the appeal be heard *de novo* are preceded by the clause that appeals shall be taken to the circuit court, and this clause, and the provisions that follow it, above mentioned, are separated by the word "Provided," and the provisions after the word "Provided" can have no effect if the clause to which they are added by the word "Provided" is repealed. When the

321—15

jurisdiction of the circuit court to hear appeals from the county court in cases of this kind was taken away the entire substance of section 11 became ineffective and the law applicable to appeals from the county court to the Appellate Court became effective. It is therefore again reiterated that section 11 aforesaid was repealed *in toto* by section 8 of the Appellate Court act.

The Appellate Court erred in dismissing the appeal, and the order of that court in that regard is reversed and the cause is remanded, with directions to that court to set aside its order dismissing the appeal and to consider the cause on the merits. *Reversed and remanded, with directions.*