The Ohio Power Shovel Company, Appellee, v.
Frank G. Bond et al., Appellants.

Gen. No. 8,440.

Opinion filed July 22, 1932.

M. D. Morahn and Hunt & Hunt, for appellants.

Frankel & Bloom, for appellee.

Mr. Justice Jett delivered the opinion of the court.

Appellee, the Ohio Power Shovel Company, filed its suit in replevin against Frank G. Bond, Stewart State Bank, a corporation, and others, appellants, in the circuit court of Putnam county to recover a certain power shovel and equipment therefor.

The declaration consisted of three counts. The first count charged that the defendants unjustly took the goods and chattels of the plaintiff and unjustly detained them. The second count contained the same allegations, but in addition thereto contained a description of the goods and chattels, namely, one Standard Lima 1¼ yard gasoline shovel, 21 foot boom, 17 foot dipper handle, 1¼ cubic yard dipper, power boom hoist, etc. The third count charged that the defendants unjustly detained the goods and chattels of the plaintiff.

The defendant, Stewart State Bank, filed four pleas. The first, *non cepit;* the second, *non detinet;* the third, title in defendant, Stewart State Bank; and the fourth, a plea of not guilty.

The defendant, Frank G. Bond, filed four separate pleas in identical form as that of the defendant, Stewart State Bank. Suit was afterward dismissed as to the other defendants.

Plaintiff filed replications to the said pleas and thereafter a trial was had by jury in the said court and at the close of the trial the jury returned a verdict in favor of appellee. Motions for a new trial and in arrest of judgment being overruled, judgment was

rendered on the verdict of the jury. Appellants prosecute this appeal.

The evidence discloses that on or about May 24, 1929, appellee sold to appellant, Frank G. Bond of St. Charles, Illinois, a contractor engaged in general excavation work, the shovel in question for the contract price of $14,060, payable $1,250 in cash, with the order and the remainder in 15 equal monthly payments. This contract was such as is commonly termed a conditional sales contract and by the terms thereof it was expressly provided that the title to, and right of possession of, the said property and all additional parts or equipment furnished by the company for use in connection therewith "is and shall remain in the company (appellee) until all payments thereon had been paid." The said contract also provided that if the seller so elected the purchaser should make a chattel mortgage to the seller to secure the unpaid remainder of said purchase price and notes evidencing the same.

The shovel and equipment therefor were duly delivered to the said Bond and afterward on July 3, 1929, the appellee sent to the said Stewart State Bank a certain chattel mortgage and 13 notes to be executed by the said Bond covering the unpaid remainder of the purchase price, which at that time amounted to $11,102. The notes were for the sum of $854 each. These notes did not state upon their face that they were secured by a chattel mortgage. The chattel mortgage although executed on July 3, 1929, and witnessed on that date by J. W. Chaffee, an officer of the defendant, Stewart State Bank, was not acknowledged by the defendant Bond until September 30, 1929, and after acknowledgment the said mortgage was recorded on October 7, 1929, in the office of the recorder of Kane county, Illinois.

On April 4, 1930, the said Frank G. Bond executed a chattel mortgage upon the same property (and other

property) to appellant, Stewart State Bank, to secure an indebtedness of $6,500 therein described. This mortgage was acknowledged on April 5, 1930, and recorded in the office of the recorder of deeds of Kane county, Illinois.

Bond defaulted in his payments to appellant, Stewart State Bank, and on September 16, 1930, the said bank attempted to foreclose its mortgage and it is alleged that appellant posted certain foreclosure notices on the property where the shovel in question was located and that possession of the property was taken and that a custodian therefor was appointed.

On September 17, 1930, the representative of the appellee herein went to the gravel pit where the shovel was located, near Hennepin, Illinois, and demanded of said defendant, Frank G. Bond, the money due the company (appellee) and asserted that if the same was not paid the mortgage would be foreclosed. Bond said he had no money and for the plaintiff to go ahead and foreclose.

A sale under the alleged foreclosure of the mortgage to the appellant, Stewart State Bank, had been advertised to take place on September 20, and on such occasion the attorneys for the appellee and the appellants were present and considerable argument took place concerning the right to the property and the rights of the parties. Such sale was not then held but was continued to another date to be held in Geneva, Illinois. On September 23, 1930, the appellee herein filed this suit and took possession of the property.

It is urged on behalf of the appellants that the mortgage of the appellee was not properly acknowledged and that therefore it is not a legal and valid mortgage. That the mortgage was executed by the appellant Frank G. Bond there can be no doubt. The certificate of the justice of the peace certifies that the mortgage was acknowledged before him by the said Frank G. Bond and that he entered the same. In writ-

ing up the acknowledgment of the mortgage by the justice of the peace the said justice filled in the printed certificate used where such acknowledgment is made by an attorney in fact. There is nothing, however, to show that any attorney in fact was made or appointed by the mortgagor, the said Frank G. Bond. The justice of the peace was put on the witness stand and interrogated relative to the question as to whether or not Bond, the mortgagor, appeared before him in person. He was unable to state whether he did or not. He would not say that he did appear before him nor would he say that he did not. His answer was that he did not remember. His certificate, however, is to the effect that he did appear before him. The justice of the peace does not impeach his acknowledgment.

It is urged by the appellants that the instant case, in so far as it relates to the acknowledgment of the chattel mortgage, is controlled by the rule announced in *Fisher v. Bollman,* 258 Ill. App. 461. In the *Fisher-Bollman* case the record clearly discloses that the mortgagor never appeared before the justice of the peace who took the acknowledgment. It was not insisted in that case that the mortgagor ever appeared before the justice of the peace who took the acknowledgment but the evidence is clear and conclusive that he did not. In the instant case there is no evidence to show that Frank G. Bond, the mortgagor, did not appear before the justice of the peace who took the acknowledgment.

It has frequently been decided that neither the mortgagor nor the mortgagee is to suffer for the mistakes or misprisions of officers charged by law with the performance of duties connected with the acknowledgment, docketing and recording of chattel mortgages, when such mortgagor or mortgagee has done all that the law required of him. In *Pease v. L. Fish Furniture Co.,* 176 Ill. 220, at page 223, among other things it was said: "The object of the statute requiring the

justice before whom a chattel mortgage may be acknowledged to enter upon his docket the names of the mortgagor and mortgagee and a description of the property, was to afford notice to such persons as might prefer to examine the record of the justice of the peace within their township in preference to going to the county records. . . . The main inquiry was whether Abby Pinkston had mortgaged her property, and if so, the amount. These facts were fully disclosed by the entry on the docket of the justice. Moreover, the mortgagee in this case did all that could properly be required to make the mortgages valid instruments. The mortgages were drawn in proper form, duly acknowledged as required by statute and placed on record, and the mere fact that the justice failed to make a proper entry on his docket could not invalidate the mortgages. The mortgagee had no control over the justice in regard to the entry to be made on his docket and should not be made to suffer on account of his incompetency or mistakes.'' The above rule was followed by this court in *Greenwald v. Lee,* 252 Ill. App. 184. In view of the state of the record we are of the opinion that the acknowledgment in this cause is sufficient.

The evidence also discloses that the notes payable to appellee and secured by the chattel mortgage so executed to it do not recite upon their face that they are secured by such chattel mortgage and it is urged by the appellant that the mortgage is void because such recitation is not shown on such notes.

In *Schillo v. White,* 207 Ill. App. 390, page 391, the court in passing upon this question said: ''The first point presented for determination is, whether or not the chattel mortgage hereinabove referred to was a valid, subsisting lien on said automobile as against third persons. Defendant contends that because the notes evidencing the indebtedness do not recite the fact of such security on their face, the said chattel

mortgage is void under Section one of 'An act to regulate the assignment of notes secured by chattel mortgages,' etc., ch. 95, Hurd's Rev. St. of Illinois. We think defendant has misconceived the effect of this statute. As indicated by its title, it is intended to 'regulate the assignment of notes secured by chattel mortgages,' and applies only to instances where an assignment of the notes has taken place. (*Hogan v. Akin,* 181 Ill. 448; *Sellers v. Thomas,* 185 Ill. 384.) Since the notes in the instant case have not been assigned and are still in the possession of the payee, obviously defendant's contention that the mortgage is void because of the aforesaid omission is without merit.''

In this case the evidence discloses that the notes payable to appellee, signed by Bond and secured by the said mortgage, are yet owned by appellee and have not been assigned and the omission to recite upon the face of such notes the fact that they are secured by chattel mortgage does not render them invalid.

The evidence also discloses that the Stewart State Bank, acting by its officer, J. W. Chaffee, acted as the agent of appellee in the procuring of the said mortgage and notes to be signed and acknowledged by the said Bond and had notice of all of the facts and conditions as they existed at the time the notes and the mortgage were given and, being in possession of such notice, it is not now in a position to question such act. *Polo State Bank v. Typer,* 249 Ill. App. 604, page 608.

It is also urged on behalf of the appellants that the judgment should be reversed because it is said no demand was made for the return of the property. There was, on one or more occasions, considerable discussion concerning the ownership of the property and a few days before this replevin suit was filed a rather heated argument occurred concerning the right of possession of the shovel and its equipment and

under such circumstances no further demand was necessary to be made for the return of the shovel.

The courts of this State have frequently held that the object or purpose of a demand is to afford the defendant an opportunity to restore to the one entitled to the possession the property claimed without being put to the expense and annoyance of litigation. *National Bond and Investment Co. v. Zakos,* 230 Ill. App. 608, page 612. And where it appears that a demand would be of no avail, then none is required, for the law does not require the doing of a useless thing. *National Bond & Investment Co. v. Zakos, supra; Cranz v. Kroger,* 22 Ill. 74; *Sinamaker v. Rose,* 62 Ill. App. 118; *Freehill v. Hueni,* 103 Ill. App. 118.

Finding no error in this record the judgment of the circuit court is affirmed.

*Judgment affirmed.*